[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE SECOND COUNTOF AMENDED COMPLAINT
FACTUAL BACKGROUND
On April 18, 1994 plaintiff Jason Keith a minor, filed a three count complaint through plaintiffs Ernest Keith and Geraldine Keith ("parents") as next friend, against the defendant Prime Hospitality Corp., d/b/a Holiday Inn. The first count sounds in negligence as to Jason Keith, the second count sounds in nuisance as to all plaintiffs, and the third count sounds in negligence as to the parents. The action arises out of injuries sustained by Jason, who is legally blind, when he allegedly fell seven feet, head first, into a cement drainage culvert which abutted the defendant's parking lot.
On May 11, 1994, the defendant filed a motion to strike the second count of the plaintiffs' complaint which was granted (Hadden, J.) on May 31, 1994. The motion to strike was granted CT Page 8038 from the bench on the ground that the allegations did not constitute a public nuisance.
On June 14, 1994, the plaintiff filed an amended complaint which repleaded the second count and sounded in public nuisance. The count added allegations to support each element of nuisance.
On June 16, 1994, the defendant filed a motion to strike the second count as amended by the plaintiffs on the ground that it is legally insufficient. This motion to strike is nearly identical to the first motion.
LEGAL DISCUSSION
The purpose of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). The court may only consider the grounds raised in the motion to strike. Blancato v. Feldspar Corporation,203 Conn. 34, 44, 522 A.2d 1235 (1987). A motion to strike "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). "In deciding upon a motion to strike, a trial court must take the facts to be those alleged in the [pleadings], . . . and `cannot be aided by the assumption of any facts not therein alleged.'" (Citations omitted.) Liljedahl Bros., Inc. v. Grigsby,215 Conn. 345, 348, 576 A.2d 149 (1990). "In ruling on . . . a motion to strike [the court has an] obligation to take the facts to be those alleged in the [pleadings] and to construe the [pleadings] in the manner most favorable to sustaining their legal sufficiency." Connecticut National Bank v. Douglas,221 Conn. 530, 536, 606 A.2d 684 (1992).
When a motion to strike is granted, the party whose pleading was stricken may file a new or amended pleading within 15 days.Royce v. Westport, 183 Conn. 177, 179 439 A.2d 298 (1981). Here the plaintiffs timely filed an amended complaint on June 14, 1994.
The defendant argues that the allegations contained in the amended the second count do not support a cause of action in private or public nuisance. The defendant argues that in order for an action in public nuisance to lie, the plaintiffs must allege a right "enjoyed by citizens as part of the public" or common to the public generally. The defendant argues that there are no allegations that the parking lot is open to the public at CT Page 8039 large.
The plaintiffs argue that they have sufficiently alleged all the elements of nuisance, including public access. Specifically paragraphs 11-15, allege public access.
Paragraphs 12-14 of the plaintiffs' amended complaint state:
 12. The defendant's maintenance and/or control of its parking lot with the adjacent culvert represented an unreasonable and/or unlawful use of the property in that it exposed the general public on said premises to danger.
 13. Defendant's unreasonable and/or negligent conduct was the proximate cause of plaintiff's injuries.
 14. Defendant's maintenance and/or control of its parking lot with the abutting culvert presented a danger to all members of the public entering on this property as business invitees or as persons lawfully having a right to enter upon such property.
"A nuisance, whether public or private, describes an inherently dangerous condition that has a natural tendency to inflict injury upon persons or property." (Citations omitted.)Quinnett v. Newman, 213 Conn. 343, 348, 568 A.2d 786 (1990).
 `Nuisances are public where they violate public rights, and produce a common injury,' and where they constitute an obstruction to public rights, `that is, the rights enjoyed by citizens as part of the public.' . . . . `[I]f the annoyance is one that is common to the public generally, then it is a public nuisance. . . . The test is not the number of persons annoyed, but the possibility of annoyance to the public by the invasions of its rights. A public CT Page 8040 nuisance is one that injures the citizens generally who may be so circumstanced as to come within its influence.
(Citations omitted.) Couture v, Board of Education, 6 Conn. App. 309,314-15, 505 A.2d 432 (1986). "If the condition claimed to be a nuisance arises out of the creator's unintentional but negligent act, i.e., a failure to exercise due care, the resulting condition is characterized as a negligent nuisance."Quinnett v. Newman, supra, 349.
In the present case the allegations in the second count establish public access to the parking lot. An open, unenclosed culvert is dangerous to the general public as opposed to being specifically dangerous to the plaintiff due to his blindness. Because the plaintiffs have alleged that the parking lot was accessible to the general public and dangerous to members of the public generally, the plaintiffs' allegations support a cause of action for public nuisance. Accordingly, the motion to strike the second count of the amended complaint must be denied.
CONCLUSION
Based on the foregoing, the defendant's Motion to Strike Second Count of Amended Complaint (#108) is denied.
So ordered.
Michael Hartmere, Judge