[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REVISE
Stuart Glen Blackburn for plaintiff.
O'Malley, Deneen, Mesina Oswecki for defendant.
The defendant in his request to revise seeks to have the plaintiff delete from its complaint the plaintiff's claim of a constructive trust. CT Page 7538
On March 28, 1994, the plaintiff filed a third amended complaint alleging the following. The plaintiff is an engineering consulting firm that locates and recommends subcontractors to its clients for a percentage of the contract price. The plaintiff engaged the services of the defendant as a subcontractor to complete a project for National Power Company. Although the plaintiff had an agreement with the defendant entitling the plaintiff to twenty percent of the contract price, the defendant wrongly withheld that money from the plaintiff. The plaintiff alleges in count one that the defendant breached his contract with the plaintiff; IN count two that the defendant tortiously interfered with the plaintiff's contract with National Power; and in count three that the defendant retained title and possession of all earnings from National Power in excess of the agreed upon amount, that the defendant was unjustly enriched, and thus the defendant is a "constructive trustee, holding the excess in trust for the benefit of the plaintiff." On March 31, 1994, the defendant filed a request to revise the third count of the plaintiff's third amended complaint. The plaintiff has filed an objection to the plaintiff's request to revise, together with a memorandum of law in support of that objection.
The defendant argues that the third count of the plaintiff's third amended complaint, although couched in the language of a constructive trust, essentially states a breach of contract claim and is thus repetitious of the first count. The defendant argues that a constructive trust arises only where property has been acquired in such circumstances that equity converts the holder of the title to a trustee who's sole duty is to convey that title and possession to the beneficiary. The defendant contends that the third count does not seek "title or possession" to any property, but rather seeks only monetary damages. The defendant therefore concludes that the plaintiff has failed to allege the essential elements of a constructive trust. The defendant argues that because the plaintiff's third count is not a claim for a constructive trust it is, therefore, a repetition of the first count's breach of contract claim. Accordingly, the defendant requests that the third amended complaint be revised by removing the third count in its entirety. In its objection to the defendant's request to revise, the plaintiff asserts that it has adequately set forth a separate cause of action, and that the proper mechanism by which to remove the third count from the third amended complaint is a motion to strike.
Practice Book § 147 provides that when "a party desires to obtain . . . the deletion of any unnecessary, repetitious, scandalous, CT Page 7539 impertinent, immaterial or otherwise improper allegations in the adverse party's pleadings . . . the party desiring any such amendment . . . may file a timely request to revise that pleading." The defendant's argument that the third count of the plaintiff's complaint is "repetitious" of the first count is based on the defendant's assertion that the plaintiff has failed to allege the essential elements of a constructive trust. The defendant's argument challenges the legal sufficiency of the third count of the third amended complaint. Claims regarding the legal sufficiency of the allegations in the plaintiff's complaint are more properly raised in a motion to strike rather than a request to revise. Practice Book § 152. See also Seamans v. Jones, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 392416 (September 25, 1992, Wagner, J.) The plaintiff's objection to the defendant's request to revise count three is, therefore, sustained.
HENNESSEY, JUDGE