[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' OBJECTION TO REQUEST TOREVISE
On April 13, 1994, the plaintiff, Susan Stapleton, in her own capacity and on behalf of the estate of her son Brian Stapleton, filed a two count complaint against Mt. Sinai Hospital and three other defendants.[1] The plaintiff's allegations are as follows. Stapleton went to the defendants for care and treatment of her pregnancy. The lack of competence and care used by the defendants resulted in the death of Brian Stapleton three days after his birth, and also caused Susan Stapleton to suffer extreme emotional distress and mental anguish and pain and suffering.
The original complaint is in two counts. The first count alleges medical malpractice against co-defendants S.H.E. Medical Associates, Leonard Lippman, M.D., Nancy Raccone, M.D., and Randy Burke, M.D. The second count is directed toward Mt. Sinai Hospital and sounds in respondeat superior.
The defendant filed a request to revise the complaint on June 15, 1994. The request sought to remove a paragraph of the complaint because it was a legally insufficient claim for bystander emotional distress.[2] On June 28, 1994, the plaintiff objected to the request to revise, arguing that her claim is not bystander emotional distress, but one for negligence. On October 6, 1994, the plaintiff filed a request to amend the complaint and an amended complaint. The amended complaint is comprised of the same allegations as the original plaintiff against each defendant. On October 20, 1994, Mount Sinai filed a request to revise the amended complaint, which was based on the same ground as the prior motion, that the claim is one for bystander emotional distress. On November 1, 1994, Stapleton objected to the request to revise. She claims her complaint is based in negligence, not in emotional distress and therefore the claim is legitimate.
The main issue in this motion is whether the objection to the request for leave to amend should be sustained because the CT Page 1902 plaintiff has stated a legally insufficient cause of action.
The request to revise is a request by one party for an order mandating that the opposing party revise his pleading in the manner specified. P L Properties v. Schnip Development,35 Conn. App. 46, 50, ___ A.2d ___ (1994). "Whenever any party desires to obtain . . . a more complete or particular statement of the allegations of an adverse party's pleading, or . . . the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading, or . . . any other appropriate correction in an adverse party's pleading, the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading." Practice Book § 147.
"It is true that the former motion to expunge, now the request to revise, may not ordinarily be "`used to test substantial rights'". . . . (Citations omitted) Royce v.Westport, 183 Conn. 177, 180, 439 A.2d 298 (1981). The request to revise may not be used to test substantive rights, that is reserved for a motion to strike. Tata v. Morgan, Superior Court, Judicial District of Waterbury (May 4, 1994, Sylvester, J.). Claims regarding the legal sufficiency of the allegations in the plaintiff's complaint are more properly raised in a motion to strike rather than a request to revise.Bestec, Inc. v. Batura, 9 CSCR 890 (July 16, 1994, Hennessey, J.).
The defendant seeks to revise the complaint because the claim is legally insufficient. Testing legal sufficiency goes to the substance of the complaint. This objection is more properly made through a motion to strike. The purpose of the request to revise appears to be to clarify the plaintiff's claims in the complaint, not to attack the substance of the complaint.
The objection to the Request to Revise is sustained.
Hale, J.