[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO REQUEST TO REVISE.
The plaintiff, Philip McMaster (McMaster), filed his complaint against the defendant, High Ridge Oil Company, to which the defendant has filed a request to revise. The revisions requested are the complete removal of counts one through four and their referenced incorporation in count five. Additionally, the defendant requests that paragraphs twenty-three (¶ 23) and twenty-four (¶ 24) of count five be deleted. Lastly, the defendant requests the deletion of paragraph thirty-three (¶ 33) of count five. The plaintiff objects to the defendant's request to revise.
"Whenever any party desires to obtain . . . (2) the deletion CT Page 94-U of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading, . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading." Practice Book § 147.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152.
Request to Revise, Parts 1 through 5
The defendant seeks the complete removal of counts one through four and their referenced incorporation in count five. The defendant claims that the presence of the products liability claim, pursuant to General Statutes § 52-572m et seq., in count five of the complaint bars all other remedies and claims. The plaintiff argues that a request to revise is not the proper pleading for this assertion.
The defendant's revision calling for the deletion of counts one through four of the complaint essentially challenges the CT Page 94-V legal sufficiency of those counts. "Claims regarding the legal sufficiency of the allegations in the plaintiff's complaint are more properly raised in a motion to strike rather than a request to revise." Bestec, Inc. v. Batura, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533618 (July 16, 1994, Hennessey, J., 9 CSCR 890). The Connecticut Supreme Court has stated "[i]t is true that the former motion to expunge, now the request to revise, may not ordinarily be used to test substantial rights' in lieu of a demurrer [the former motion to strike]. . . ." (Citations omitted; internal quotation marks omitted.) Royce v. Westport, 183 Conn. 177, 180, 439 A.2d 298
(1981).[1] The plaintiff's objection to the defendant's request to revise counts one through four of the plaintiff's complaint is sustained because a request to revise is an improper vehicle to challenge the legal sufficiency of the plaintiff's claims.
Request to Revise, Part 6
The defendant requests that ¶ 23 and ¶ 24 of count five, which assert a claim for implied warranty of suitability, be deleted. The defendant claims "Connecticut law does not recognize an `implied warranty of suitability.'" (Request to Revise part 6). Assuming, arguendo, that Connecticut does not currently recognize a cause of action for implied warranty of suitability, the defendant's request to revise must be denied CT Page 94-W because the proper pleading with which to make this assertion is the motion to strike. "The motion [to strike] may . . . be used to test whether Connecticut is `ready to recognize some newly emerging ground of liability.'" Castelvetro v. Mills, Superior Court at New Haven, Docket No. 320396 (February 1, 1994, Gray, J., 11 Conn. L. Rptr. 29). Therefore, the plaintiffs objection to the defendant's request to revise ¶ 23 and ¶ 24 is sustained.[2]
 Request to Revise. Part 7
Finally, the defendant requests the deletion of ¶ 33 of count five because it "contains allegations that are evidentiary in nature, impertinent, immaterial and improper." Paragraph 33 of the plaintiff's complaint states "[a] copy of this complaint has been sent to the office of the Attorney General for the State of Connecticut." The plaintiff justifies the inclusion of this paragraph by citing General Statutes § 42-110g (c). Section42-110g (c) requires a copy of a complaint asserting a CUTPA (Connecticut Unfair Trade Practices Act) action to be sent to the attorney general.
Therefore, this paragraph is neither impertinent, immaterial, nor improper. The plaintiff's objection to the defendant's request to revise ¶ 33 of count five is sustained. CT Page 94-X
D'ANDREA, J.