DAVID ROYCE ET AL. *v.* TOWN OF WESTPORT

COTTER, C. J., BOGDANSKI, PETERS, PARSKEY and ARMENTANO, JS.

Argued November 7, 1980—decision released February 17, 1981

*David Royce,* pro se, arguing on behalf of the appellants (plaintiffs).

*Keith D. Dunnigan,* with whom, on the brief, was *Bruce L. Levin,* for the appellee (defendant).

PER CURIAM. The plaintiffs, David and Nina Royce, on April 13, 1978, filed a seventeen count complaint against the town of Westport alleging various torts resulting from the entry by town officials onto the plaintiffs' land and the removal or destruction of a small dam on three occasions. The plaintiffs sought damages and injunctive relief. The defendant demurred; the trial court, *Dean, J.,* sustained the demurrer as to every count on September 5, 1978, and, upon the defendant's motion, the trial court, *Saden, J.,* rendered judgment for the defendant on every count on March 6, 1979.

The plaintiffs had, however, in the meantime timely pleaded over after the sustaining of the

demurrer by filing a substitute complaint on September 19, 1978. Practice Book § 157. According to the Practice Book § 158, this new September complaint became the controlling pleading and the earlier one was removed from the case. See *Good Humor Corporation* v. *Ricciuti,* 160 Conn. 133, 136, 273 A.2d 886 (1970). The new complaint was met with the defendant's request to revise, permitted by Practice Book § 147 and on March 6, 1979, the trial court, *Saden, J.,* granted the first of three alternative requests for "revision" by the defendant, deleting in its entirety the plaintiffs' substitute complaint of September 19, 1978.[1] The court simultaneously rendered judgment against the plaintiffs and they have appealed to this court from that judgment.

The plaintiffs raise six issues on this appeal. Four of these claims of error attempt to challenge, on this appeal, the action of the trial court in sustaining the demurrer to the April complaint. This the plaintiffs may no longer do. These claims are wholly foreclosed by our holding in *Good Humor Corporation* v. *Ricciuti,* supra, 135–36: "Upon the sustaining of a demurrer the losing party may take one of two courses of action. He may amend his pleading, or he may stand on his original pleading, allow judgment to be rendered against him, and appeal the sustaining of the demurrer. *Manghue* v. *Reaney,* 99 Conn. 662, 663, 122 A. 566; 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 119 (d). The

---

[1] The defendant's first alternative request to revise requested that the plaintiffs' substitute complaint of September 18, 1978 be revised "[b]y deleting said pleading in its entirety for the reason that the allegations contained therein are, in substance, the same as those which were stricken by the Court (Dean, J.) in sustaining the defendant's demurrer."

choices are mutually exclusive. The filing of an amended pleading operates as a waiver of the right to claim that there was error in the sustaining of the demurrer to the original pleading. *Grady* v. *Kennedy,* 145 Conn. 579, 584, 145 A.2d 124; *Allen* v. *Chase,* 81 Conn. 474, 475, 71 A. 367; *Pettus* v. *Gault,* 81 Conn. 415, 418–19, 71 A. 509; *Arnold* v. *Kutinsky,* 80 Conn. 549, 552, 69 A. 350; *Sidney Novelty Co.* v. *Hanlon,* 79 Conn. 79, 80, 63 A. 727; *Burke* v. *Wright,* 75 Conn. 641, 643, 55 A. 14. When a demurrer is sustained and the pleading to which it was directed is amended, that amendment acts to remove the original pleading and the demurrer thereto from the case. The filing of the amended pleading is a withdrawal of the original pleading. *Rossignol* v. *Danbury School of Aeronautics, Inc.,* 154 Conn. 549, 554, 227 A.2d 418; *Grady* v. *Kennedy,* supra; *Pope* v. *Watertown,* 136 Conn. 437, 438, 72 A.2d 235; *Antman* v. *Connecticut Light & Power Co.,* 117 Conn. 230, 234–245, 167 A. 715; *Lakitsch* v. *Brand,* 99 Conn. 388, 389, 121 A. 865; *Eames* v. *Mayo,* 93 Conn. 479, 489, 106 A. 825; *Mitchell* v. *Smith,* 74 Conn. 125, 128, 49 A. 909; *Boland* v. *O'Neil,* 72 Conn. 217, 220, 44 A. 15; *Goodrich* v. *Stanton,* 71 Conn. 418, 424, 42 A. 74. '[By] withdrawing one complaint and replacing it by another, [the plaintiff] escaped an adverse judgment, and also abandoned any claim to a favorable judgment on the complaint so withdrawn.' *Arnold* v. *Kutinsky,* supra. It is thus clear that a plaintiff cannot file an amendment after the sustaining of a demurrer and, at the same time, appeal from a decision sustaining that demurrer. . . . The rule is a sound one, as it serves to prevent the prolongation of litigation." See also *Hillyer* v. *Winsted,* 77 Conn. 304, 306, 59 A. 40 (1904).

We consider next the plaintiffs' claim that it was error to render judgment against them, after their objection to the request to revise was overruled, without affording them a further opportunity to revise. The request to revise[2] is a motion for an order directing the opposing party to revise his pleading in the manner specified.[3] It incorporates, in Practice Book § 147(2), the former motion to expunge. See I Stephenson, Conn. Civ. Proc. (2d Ed., 1979 Sup.) § 163. Thus this subsection may be used to obtain the deletion of "otherwise improper allegations."[4] It is true that the former motion to expunge, now the request to revise, may not ordinarily be "used to test substantial rights" in lieu of a demurrer; *Nikitiuk* v. *Pishtey,* 153 Conn. 545, 553, 219 A.2d 225 (1966); but we have held that "[s]uch a motion is proper to attack an amended complaint after a demurrer has been sustained where the allegations of such complaint appear to be the same, in substance, as [those of] the one which was stricken." *Good Humor Corporation* v.

---

[2] Practice Book § 147 provides: "REQUEST TO REVISE

Whenever any party desires to obtain (1) a more complete or particular statement of the allegations of an adverse party's pleading, or (2) the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading, or (3) separation of causes of action which may be united in one complaint when they are improperly combined in one count, or the separation of two or more grounds of defense improperly combined in one defense, or (4) any other appropriate correction in an adverse party's pleading, the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading."

[3] It is denominated a request only to indicate that it is a motion which, absent opposition, may be granted automatically by the clerk. Practice Book § 197.

[4] We rely upon "otherwise improper allegations" because the "repetitious" allegations which may be ordered removed are those "in an adverse party's pleading" and not those repetitious of allegations in a superseded pleading.

*Ricciuti,* supra, 137. Here the plaintiff has admitted that the substitute complaint of September 18, 1978, "contained no new matter." Although this constituted a judicial admission, the solicitude with which the rights of pro se litigants are to be treated; *Connecticut Light & Power Co.* v. *Kluczinsky,* 171 Conn. 516, 519–20, 370 A.2d 1306 (1976); has caused us to compare the two complaints. They do not differ in substance; the trial court did not err in applying the rule of *Good Humor* to allow the use of a request to revise to dispose of the substance of a complaint merely repetitive of one to which a demurrer had earlier been sustained.

The record indicates that the trial court both granted the defendant's request to revise and rendered judgment against the plaintiffs on March 6, 1979. The judgment rendered is arguably objectionable on two counts, one challenging its timing and another challenging its form.

The Practice Book provides in § 149 that when a party's objection to a request to revise is overruled "a substitute pleading in compliance with the court order shall be filed within fifteen days . . . ." The plaintiffs, in their brief, urge that a court may not render judgment under the circumstances of this case without allowing them fifteen days to plead over. We do not agree. When the trial court has correctly ordered the entire substitute complaint to be deleted for the reason that it is identical in substance to a prior demurrable complaint there is no revision which the plaintiff may make. To require, in such circumstances, that fifteen days must elapse before judgment may be rendered would be productive of nothing but delay.

The second objection to the judgment rendered arises out of the form of the judgment. The trial court's judgment, after correctly reciting the sustaining of the defendant's demurrer to the plaintiffs' complaint, granted judgment for the defendant on its demurrer to that complaint, "the plaintiffs having failed and neglected to plead further." The judgment should have been predicated not on the plaintiffs' failure to plead further but rather on the plaintiffs' failure to plead differently. That is the import of the removal of the plaintiffs' September complaint by virtue of the order granting the request to revise. Our holding in *Good Humor Corporation* v. *Ricciuti,* supra; see also *Hillyer* v. *Winsted,* supra; makes it clear that judgment should be rendered on the request to revise, in the special circumstance in which it is granted for the reason that the substitute pleading does not differ substantially from the demurrable pleading. The demurrable pleading, superseded by the substitute pleading, is not revived by the order granting the request to revise, and judgment cannot rest on that superseded pleading alone. Since judgment for the defendant was, however, entirely warranted because of *Good Humor Corporation* v. *Ricciuti,* the substance of the judgment should be sustained. *Favorite* v. *Miller,* 176 Conn. 310, 317, 407 A.2d 974 (1978).

There is error only as to the form of the judgment rendered, it is set aside and the court is directed to render a judgment indicating that, after the demurrer, the plaintiffs filed a substitute complaint which was deleted by an order granting the defendant's request to revise, and that judgment was accordingly rendered for the defendant.