[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
ISSUE
Whether the Substituted Second Amended Cross-Complaint of co-defendants Sebastian Timbro and Worldwide Financial Services against defendant Old Line Life Insurance Co. should be deleted entirely and judgment rendered in favor of Old Line Life Insurance Co.
FACTS
The following facts are found in the court's, O'Connell, J., Memorandum of Decision, #182. The underlying litigation in this action involves a suit by the plaintiff, Noel Higgins, against co-defendants Old Line Life Insurance Co. ("Old Line"), Sebastian Timbro ("Timbro") and Worldwide Financial Services ("Worldwide") to collect the face value of an insurance policy allegedly due upon the death of the plaintiff's husband, Edwin Higgins. Timbro and Worldwide are agents of Old Line.
During the course of this litigation, Timbro and Worldwide filed a cross-complaint against Old Line seeking indemnification against any damages recovered against CT Page 1085 them by the plaintiff and all attorney's fees and costs incurred. On September 17, 1991, this court, O'Connell, J., held that "the defendant's (sic) cross-complaint fails to state a cause of action under Connecticut law" and struck the cross-complaint. Timbro and Worldwide filed an amended cross complaint. Old Line filed a request to revise the amended cross-complaint. On January 6, 1992, this court O'Connell J., held, pursuant to Royce v. Westport, 183 Conn. 177,180-81, 439 A.2d 298 (1981), that "(b)ecause the amended cross-complaint is substantially similar to the original cross-complaint, the request to revise is granted and the amended cross-complaint is deleted in its entirety." Memorandum of Decision, #182, p. 5.
Timbro and Worldwide have now filed a Substituted Second Amended Cross-complaint, #183. Old Line has filed another Request to Revise, #184. Old Line argues that the latest cross-complaint is substantially similar to the original cross-complaint and should be deleted in its entirety. Old Line argued during oral argument on February 10, 1992 that Royce v. Westport, supra, forbids a party from pleading over once the party's amended complaint has been deleted in its entirety because it was substantially similar to a stricken complaint. Timbro and Worldwide object to the Request to Revise on the grounds that the latest cross-complaint alleges new matters and that it alleges a viable cause of action. Objection to Request to Revise, #186.
DISCUSSION
This court finds that Royce v. Westport, supra, is dispositive of the issue at hand. In Royce, the plaintiffs filed a complaint. Id., 177. The trial court sustained a demurrer to every count of the complaint and entered judgment for the defendant. Id. The plaintiff timely filed an amended complaint. Id., 177-78. The trial court granted the defendant's request to revise the amended complaint for the reason that the allegations of the amended complaint were substantially similar to those of the stricken complaint. Id., 178 n. 1. The court deleted the entire amended complaint and simultaneously rendered judgment against the plaintiffs. Id., 178. The plaintiffs appealed. Id., 178. The plaintiffs claimed it was error for the trial court to render judgment against them without affording them a further opportunity to revise. Id., 180. The Connecticut Supreme Court held that the plaintiffs had no further opportunity to revise:
 The Practice Book provides in Sec. 149 that when a party's objection CT Page 1086 to a request to revise is overruled "a substitute pleading in compliance with the court order shall be filed within fifteen days (of such order)." . . . When the trial court has correctly ordered the entire substitute complaint to be deleted for the reason that it is identical in substance to a prior demurrable complaint there is no revision which the plaintiff may make.
Id., 181. It is further found that the holding of Royce is equally applicable to cross-complaints against co-defendants. It is also found that the Substituted Second Amended Cross-complaint is improper. Accordingly, this court overrules the objection to the Request to Revise and the Substituted Second Amended Cross-complaint should be deleted in its entirety. It is further found that Old Line is entitled to judgment in its favor on the cross-complaint. "(J)udgment should be rendered on the request to revise, in the special circumstance in which it is granted for the reason that the substitute pleading does not differ substantially from the demurrable pleading." Id., 182. It is therefore ordered that judgment should be rendered in favor of Old Line on the cross-complaint.
It is so ordered.
AUSTIN, J.
Judgment enters in accordance with the foregoing Memorandum of Decision Michael Kokoszka, Clerk