[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The issue is whether the plaintiff's motion to strike the defendant's second and fifth special defenses be granted on the ground that those defenses were improperly pled.
Because the plaintiff's motion to strike does not challenge the legal sufficiency of the defendant's special defenses, the motion is not proper and should be denied.
On February 4, 1992, the plaintiff, Ann M. Griffin, filed a third amended complaint against the defendant, Hartconn Associates, Inc. On March 6, 1992, the defendant filed an answer and nine special defenses, which pleading added two special defenses not previously alleged in the defendant's answer and special defenses filed on October 7, 1991 in response to the plaintiff's second amended complaint. On April 8, 1992, the plaintiff filed a motion to strike the defendant's second and fifth special defenses on the grounds that "they constitute new defenses filed 3/6/92 after the period of permissive pleading expired and without invoking any of the procedural authority contained in Practice Book Section 177." Memoranda of law in support of and in opposition to the motion to strike have been filed by the plaintiff and defendant, respectively.
A motion to strike is used to contest the legal sufficiency of any answer to any complaint or any complaint or any part of that CT Page 7272 answer, including special defenses contained therein. Practice Book 152; Nowak v. Nowak, 175 Conn. 112, 116, 394 A.2d 716 (1978). In ruling on a motion to strike, the court is limited to the grounds specified in the motion. Blancato v. Feldspar, 203 Conn. 34,44, 522 A.2d 1235 (1987).
It is noted that the plaintiff's motion to strike the defendant's second and fifth special defenses on the ground that they constitute new defenses filed after the time period provided in 177 for responding to an amended pleading is not a challenge to the legal sufficiency of those defenses and cannot be used to delete pleadings that the plaintiff claims are improperly filed. It is clear that the proper procedural vehicle to remove a defective pleading is a request to revise. Practice Book 147 states in pertinent part that "[w]henever any party desires . . . (2) the deletion of any unnecessary . . . or otherwise improper allegations in an adverse party's pleading . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading." (Emphasis added.) Section 147 incorporates in subsection (2) the former motion to expunge. Royce v. Westport, 183 Conn. 177, 180, 439 A.2d 298 (1981), citing I Stephenson, Conn. Civ. Proc. (2d Ed., 1979 Sup. ) 163. A motion to expunge was used "to have stricken from the record an entire pleading which [had] been improperly filed. . . ." I Stephenson, Conn. Civ. Proc. (2d Ed.) 113.
In the present case, the plaintiff, pursuant to Practice Book 176, filed a request for leave to amend his second amended complaint and appended to the request a third amended complaint. Because the defendant did not file an objection to the plaintiff's request within fifteen days of the filing of the request, the amendment is deemed consented to by the defendant. See Practice Book 176.
Practice Book 177 states that
 When any pleading is amended the adverse party may plead thereto within the time provided by Sec. 114 or, if he has already pleaded, alter his pleading, if he so desires, within ten days after such amendment or such other time as these rules, or the court, may prescribe, and thereafter pleadings shall advance in the time provided by that section. If the adverse party fails to plead further, pleadings already filed by him shall be regarded as applicable so far as possible to the amended pleading.
(Emphasis added.)
The defendant filed an answer and nine special defenses on CT Page 7273 March 6, 1992, thirty-one days beyond the filing of the amended complaint on February 4, 1992. It is noted that because the defendant filed an answer and special defenses to the plaintiff's second amended complaint, he had, pursuant to 177, within ten days of February 4, 1992 to alter his prior answer. There is no indication in the court file that the defendant sought an extension from the court of the time in which to alter his previous answer. As a result of the defendant's failure to alter his previously filed answer within the ten day prior provided by 177, that answer is "regarded as applicable so far as possible to the amended pleading." Practice Book 177; see also Romano v. Dobsun Turf, Inc., 1 Conn. L. Rptr. 797 (June 22, 1990, Lewis, J.) (defendant's motion to strike denied because filed more than ten days after the plaintiff's amended complaint was filed; defendant's previously filed answer to the predecessor of the plaintiff's amended complaint was held applicable to the amended complaint.)
It is found that because the defendant's answer and special defenses filed on October 7, 1991 must be regarded as applicable to the third amended complaint, the filing of an answer and special defenses on March 6, 1992, without filing a request for leave to file an amended answer pursuant to Practice Book 176, is improper. It is clear that although the March 6, 1992 answer and special defense was improperly filed as outlined above, the proper vehicle to delete this pleading from the record is a request to revise.
The motion is denied.
William J. McGrath, Judge