[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON OBJECTION OF DEFENDANT COHN BIRNBAUM, P.C. TO PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT OF MAY 14, 1993
The defendant Cohn Birnbaum P.C. has objected to the plaintiff's request for leave to Amend Complaint for a number of reasons, including the following: some allegations or counts are duplicative of previously existing counts; some allegations are barred by applicable statutes of limitation; the amendment should not be allowed until the court rules on Cohn Birnbaum's Motion for Summary Judgment. This court has ordered that it will hear argument on Cohn Birnbaum's Motion for Summary Judgment 120 days after the commencement of discovery. As yet discovery in this action has not commenced. CT Page 7595
Courts have been liberal in granting in amendments, Kelley v. Bonney, 221 Conn. 549, 606 A.2d 693 (1992), and "the refusal to allow an amendment must rest upon some sound reason." Johnson v. Toscano, 144 Conn. 582, 587,136 A.2d 341 (1957).
"In exercising its discretion with reference to a motion for leave to amend, the court should ordinarily be guided by its determination of the question whether the greater injustice will be done to the movant by denying him his day in court or to his adversary by granting the motion, with the resultant delay." Dubose v. Carabetta, 161 Conn. 254,263, 287 A.2d 357 (1971).
Cohn Birnbaum has claimed that a number of the allegations of the amended complaint are redundant or contain impertinent or otherwise improper allegations. The proper method of raising redundancy or superfluous pleadings is to file a request to revise pursuant to Practice Book 147 Royce v. Westport, 183 Conn. 177, 180, 439 A.2d 298 (1981).
Cohn Birnbaum has also complained that the Request to Amend Complaint should not be allowed because of the allegations contained therein are barred by the applicable statute of limitations. Normally, the defense of statutes of limitations is asserted by way of a special defense. Practice Book 164. However, in certain circumstances the defense is properly raised in a motion to strike if all of the facts pertinent to the defense are present in the complaint and the complaint does not contain an allegation of tolling. Allen v. Endrukaitis, 35 Conn. Sup. 286 (1979).
Cohn Birnbaum has also claimed that various allegations of the amended complaint fail to state a cause of action. A motion to strike is a proper method for testing the legal sufficiency of the claim. Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985).
Cohn Birnbaum claims that it is prejudiced by the proposed amendment to the complaint because it has already filed a Motion for Summary Judgment. In light of the time in which the plaintiff has been allowed to respond to the Motion for Summary Judgment, it appears that Cohn Birnbaum would have sufficient time to file a supplemental motion for summary CT Page 7596 judgment or amend its original motion for summary judgment prior to the date on which that motion is to be heard in court and, therefore, the allowance of the amended complaint will not substantially prejudice Cohn Birnbaum.
Finally, Cohn Birnbaum has objected to the proposed Count XXVI of the complaint which contains a negligence allegation only against the American Institute of Certified Public Accountants. The plaintiff has conceded that this portion of the amended complaint was erroneously directed against Cohn Birnbaum and the court will allow it to amend that count to correct that error.
For the foregoing reason the Objection to the Request for Leave to Amend the Complaint is overruled.
By the Court Aurigemma, J.