[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[MEMORANDUM OF DECISION]
Practice Book § 152 allows the defendant to challenge the legal sufficiency of any count in the complaint with a motion to strike. [Novametrix Medical Systems, Inc. v. BOC Group, Inc.],224 Conn. 210, 214-15, 618 A.2d 25 (1992). The allegations in the complaint must be construed in the light most favorable to the plaintiff. Id., 215.
Any party may file a request to revise in order "to obtain . . . the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading." Practice Book § 147(2); see also [Royce v. Westport], 183 Conn. 177, 180, 439 A.2d 298 (1981). "[T]he former motion to expunge, now the request to revise, may not ordinarily be `used to test the substantial rights' in lieu of a demurrer, now the motion to strike]." Id.
The defendant argues that the plaintiff cannot transform a claim alleging wilfulness to one sounding in negligence merely by attaching different adjectives.
The plaintiff argues that according to [Markey v.Santangelo], 195 Conn. 76, 78, 485 A.2d 1305 (1985), the plaintiff may recover for either wilful assault and battery or negligent assault and battery.
The proper pleading to delete repetitious allegations is a request to revise. Practice Book § 147(2); [Royce v.Westport], supra, 180 n. 4. The duplicative nature of the second count is not a proper ground for a motion to strike. Accordingly, the defendant's motion to strike is denied.
/s/ Sylvester SYLVESTER, J. CT Page 4949