[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#142): MOTION FORJUDGMENT (#143) AND OBJECTION TO REQUEST TO REVISE (#147
CT Page 2613
The defendants in the present case filed a request to revise the plaintiffs' complaint on December 6, 1993. The plaintiffs filed timely objections to the request to revise some of which were sustained and some of which were overruled by the court (Pickett, J.) on May 31, 1994. On June 29, 1994, the plaintiffs filed a substitute complaint. One of the defendants, Vincent McCarthy, then moved to strike the fourth count of the complaint on June 12, 1994. The motion to strike was signed by "The Defendants."
Another request to revise was filed by the defendants on July 12, 1994. The parties then entered into settlement negotiations and judgment entered for the plaintiffs September 19, 1994. The judgment of the trial court was reversed and the case was remanded with direction to the trial court to deny the motion for judgment. See Ballard v. Asset Recovery Management Company, 39 Conn. App. 805, ___ A.2d ___ (1995), cert. denied, 236 Conn. 906, ___ A.2d ___ (1996).
The plaintiffs filed objections to the most recent request to revise of two years ago, on February 21, 1996. The defendants now move to strike the objections as untimely. The court denies the motion to strike the objections and orders the defendants to file an answer to the substituted complaint. The defendants point their collective fingers at the plaintiffs and accuse the plaintiffs of not filing a pleading within the time allowed by Practice Book § 143. The defendants however, have not only filed a previous request to revise, one of the defendant's filed a motion to strike. The motion to strike was directed against only one count of the complaint which was against only one defendant but it was filed by counsel for all defendants on behalf of all defendants.
The request to revise is untimely and, as discussed below, the right to file the request to revise was waived upon the filing of the motion to strike. In addition, the defendants already had one bite at the apple when they filed their first request to revise some two years ago.
"The request to revise is a motion for an order directing the opposing party to revise his pleading in the manner specified."Royce v. Westport, 183 Conn. 177, 180, 439 A.2d 298 (1981). A request to revise may be used when a party seeks "the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading." CT Page 2614 Practice Book § 147. The request to revise "shall be deemed to have been automatically granted . . . within thirty days of the date of filing the same . . . unless within thirty days of such filing the party to whom it is directed shall file objection thereto." Practice Book § 149. However, Practice Book § 112 prescribes the order of pleadings and Practice Book § 113 provides that filing a pleading out of order waives "the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided [in § 112]." See Daley v. Gaitor,16 Conn. App. 379, 389, 547 A.2d 1375, cert. denied, 209 Conn. 824,552 A.2d 430 (1988).
The motion to strike the plaintiffs' objections to the request to revise is denied for the reasons set forth above as well as for the reason that this court knows of no such procedural vehicle. The plaintiffs' objections to the request to revise are sustained.
The defendants also filed a motion for nonsuit. The motion for nonsuit is denied in light of the foregoing rulings.
DRANGINIS, J.