[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REQUEST TO REVISE NO. 145
The plaintiffs commenced this action against the city of Danbury (city) by a three-count complaint filed October 26, 1992. They subsequently filed a revised complaint on January 20, 1993. The court (Stodolink, J.) struck all three counts of the revised complaint by order dated April 19, 1993. The plaintiffs then filed a "substitute revised complaint" on May 4, 1993. The court (McGrath, J.) again struck all three counts pursuant to an order dated September 8, 1993. On September 21, 1993, the plaintiffs filed a five-count "second substitute revised complaint," their fourth complaint since commencement of this action.
The most recent complaint alleges injury arising from the CT Page 3718 wrongful construction of a gate blocking passage along Old Ball Pond Road in Danbury, Connecticut. The first count states that the gate was an obstruction of the highway in violation of General Statutes § 52-558, that the city induced, authorized and approved erection of the gate, and further acted willfully in recklessly disregarding the plaintiffs' rights by abusing its powers under §§ 7-148(c)(6)(C)(ii) and (v).
The second count and third counts allege the creation and maintenance of a common-law nuisance and a statutory nuisance based on General Statutes § 19a-335, respectively. The second count, previously entitled "Creating and Maintaining a Nuisance," is now entitled "Creating and Maintaining a Common-Law Nuisance." The plaintiffs have also revised paragraph 38. Including the new phrases, indicated by emphasis, paragraph 38 now reads: "The Defendant City of Danbury erected the gate through its agent theLupis, and it created and maintained the nuisance insofar as it possesses exclusive dominion and control over Old Ball Pond Road in the City of Danbury and it induced the Lupis to obstruct theroad and it communicated its authorization to the Lupis toobstruct the road, intending that the Lupis would erect the obstruction . . . ." (Emphasis added.) The new complaint also includes an entirely new paragraph 39, which states: "The Plaintiffs have been harmed by the aforesaid conduct."
The third count, now entitled "Creating and Maintaining a Statutory Nuisance," incorporates by reference all preceding paragraphs and adds a new paragraph, paragraph 40, which states: "the Defendants City of Danbury and Lupis have created and maintained a statutory nuisance pursuant to Connecticut General Statutes § 19a-335."
The fourth count seeks damages for intentional infliction of emotional distress. It differs from its counterpart in the previously stricken complaint in two regards. In paragraph 45, formerly 37, the plaintiffs have added the word "particularly" so it now reads in its entirety: "The conduct of the city of Danbury was particularly extreme and outrageous." The second change is the addition of paragraph 47 which states "The city of Danbury flagrantly exposed the Plaintiffs to peril of life and limb with no proper reason for doing so."
The fifth count, which the city does not challenge, seeks damages for the negligent infliction of emotional distress. CT Page 3719
On October 5, 1993, the city filed a request to revise the first four counts of the plaintiffs' most recent complaint on the ground that the first four counts are substantially identical to those stricken two previous times. In so requesting, the city argues that "[a] Request to Revise is proper to attack an Amended Complaint after a Motion to Strike has been granted, where the allegations of the Complaint appear to be the same in substance as those of the one which was stricken." Defendant's city of Danbury's Request to Revise of October 5, 1993, citing Royce v.Westport, 183 Conn. 177, 180, 439 A.2d 298 (1981).
The plaintiffs filed their objection to the City's request on October 22, 1993, and object on three grounds. First, the plaintiffs object because the city failed to provide space on the request to revise to allow the plaintiffs to insert their objections as required under Practice Book § 148. Second, they object because the request is a pleading filed out of the order specified in Practice Book § 112 and thus is waived under Practice Book § 113. Third, the plaintiffs argue that the counts are materially different from the previous pleadings.
A request to revise is set forth in Practice Book §§ 147-150. A party may make a request "to obtain . . . the deletion or any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading . . . ." Practice Book § 147; see Royce v. Westport, supra, 183 Conn. 180 n. 2. "The request to revise is a motion for an order directing the opposing party to revise his pleading in the manner specified." (Footnotes omitted.) Royce v. Westport, supra, 180. "`Such a motion is proper to attack an amended complaint after a demurrer has been sustained where the allegations of such complaint appear to be the same, in substance, as [those of] the one which was stricken.'" Id., quoting, Good Humor Corporation v. Ricciuti, 160 Conn. 133, 137,273 A.2d 886 (1970). Where two complaints do not "differ in substance" a trial court may properly apply "the rule of GoodHumor to allow the use of a request to revise to dispose of . . . one to which a demurrer had earlier been sustained." Royce v.Westport, supra, 181.
A request to revise must identify the portion of the pleading to which it is directed, the requested revision with reasons therefor, "followed by sufficient space in which the party to whom the request is directed can insert an objection and reasons therefor." Practice Book § 148. The request "shall be CT Page 3720 deemed . . . granted" unless the opposing party objects within thirty days. Practice Book § 149; Royce v. Westport, supra,183 Conn. 180 n. 3. As the plaintiffs have objected to the city's request, the court is required to rule on the objection. Practice Book § 149.
The City's request identified the portions to be revised, specifically, the entire first, second, third and fourth counts. The request also identified the requested revisions as deletion of each count. As indicated by the plaintiffs, the city did not include space for the plaintiffs' response. This error is, de minimis, particularly because the size of the plaintiffs' response would have required the attachment of additional pages even had the city complied.
A. Count One
The only additions to the first count of the present complaint are new conclusory allegations which are improper. Regarding the first count of the previously stricken "substitute revised complaint," the court (McGrath, J.) observed the plaintiffs' reliance on General Statutes §§ 7-148(c)(6)(C)(ii), (v), and 52-558. Memorandum of Decision, dated September 8, 1993, McGrath, J. The court struck the first count based on the plaintiffs' misplaced reliance on the aforementioned statutes. Here, the first count of the most recent complaint is still based on the same statutes which two prior decisions have ruled an inappropriate basis for the plaintiffs' claims. The first count does not differ in substance from the prior complaint.
B. Count Two
Count two may be deleted pursuant to the City's request. In striking the second count of the "substitute revised complaint," the court found that "the complaint . . . does not factually allege that the defendant city created and maintained the alleged nuisance by some positive act . . . ." Memorandum of Decision, dated September 8, 1993, McGrath, J. In order to impose liability for nuisance on a municipality, the condition constituting the nuisance must be proven created by "the positive act of the municipality." Wright v. Brown, 167 Conn. 464, 470, 356 A.2d 176
(1975). "A municipality, while not liable for the negligence of its agents and employees engaged in the exercise of its governmental functions, may be liable for a nuisance which they create . . . . That liability includes a situation where a CT Page 3721 nuisance is created upon a highway by the positive act of the municipality." (citation omitted.) Bacon v. Rocky Hill, 126 Conn. 402,407, 11 A.2d 399 (1940). While the plaintiffs have added the phrase "erected the gate through its agent the Lupis" to the present count two, this addition is a mere conclusory allegation without any factual support in the pleadings and thus does not make the present count any different in substance from the previously stricken version. Practice Book § 108 provides that "[e]ach pleading shall contain a plain and concise statement of the material facts on which the pleader relies . . . ." The plaintiffs' alteration does not meet this requirement.
C. Count Three
The third count alleges statutory nuisance. It has been established, however, that "[a]n obstruction in the public highway, in the use of which an individual has no right except in common with the public generally, even if unauthorized and illegal, does not constitute an injury, for which such individual can maintain a private action, but the legal remedy is at the suit of the public by indictment or information for a public nuisance." Brown v. Novak, 17 Conn. Sup. 76, 78, ___ A.2d ___ (Super.Ct., 1950). Furthermore, as indicated above, a municipality may only be liable in nuisance if the condition was created by a positive act of the municipality. Starr v.Commissioner of Environmental Protection, 226 Conn. 358, 388,627 A.2d 1296 (1993). The third count of the present complaint alleges no new facts and is essentially the same as the second count in this complaint and the previously stricken version.
D. Count Four
Despite the plaintiffs' additions to the present complaint, the fourth count is also still substantially the same as previously stricken. As the court previously held, when striking the last operative complaint, "[t]here are no factual allegations in the plaintiffs' complaint that would permit a trier of fact to find that the city's conduct exceeded all bounds usually tolerated by decent society and therefore was outrageous." Memorandum of Decision, dated September 8, 1993, McGrath, J. The plaintiffs' additions to this complaint do not raise any allegations materially different from those described in the previous complaint.
For the abovementioned reasons, the plaintiffs' objection to CT Page 3722 the motion to revise is overruled and counts one through four are to be deleted as requested by the city.
Additionally, as held in Royce v. Westport, supra, 183 Conn. 177, "[w]hen the trial court has . . . ordered the entire substitute complaint to be deleted for the reason that it is identical in substance to a prior demurrable complaint there is no revision which the plaintiff may make" under Practice Book § 149.[1] Id., 181. "To require, in such circumstances, that fifteen days must elapse before judgment may be rendered would be productive of nothing but delay." Id. For this reason, the court enters judgment against the plaintiffs on the deleted counts.
Stodolink, J.