[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: REQUEST TO REVISE NEGLIGENCE COUNTS CONTAINING ALLEGATIONS OF BYSTANDER EMOTIONAL DISTRESS
Plaintiff Betty Pulaski has filed a six count amended complaint against defendants Meriden Ventures and John Hurst, d/b/a JRH Properties. In her amended complaint, the plaintiff alleges that defendant Meriden Ventures owns a multi-dwelling unit known as 33 Locus Street. Meriden, Connecticut. and that defendant John Hurst manages the property. At all times material the plaintiff was a tenant and resident of this property. In counts one and two, the plaintiff further alleges that the defendants, through their agents, servants and/or employees, negligently started a fire in the plaintiff's dwelling unit. In counts three and four the plaintiff alleges that the defendants were negligent and caused her to suffer severe emotional distress after being "forced to return to the property and witness Robert Lowe's corpse being dragged from the burning [p]roperty." The late Robert Lowe was the plaintiff's friend and neighbor. In counts five and six, the plaintiff purports to set out a claim for negligent infliction of emotional distress in her allegation against the defendants that they negligently subjected her to the traumatic events of observing the fire, being caused by the fire to flee her dwelling, and of observing the removal of the corpse of the late Robert Lowe which was pulled from the property during the fire.
The defendants have filed a request to revise the plaintiff's amended complaint. First, the defendants request that the plaintiff remove the paragraphs referring to Robert Lowe (Ms. Pulaski's friend and neighbor who died in the fire) in her first and second counts on the ground that these paragraphs are confusing and prejudicial to the defendants because "[t]he plaintiff cannot allege harm as a result of injury to an unrelated third party." Second, the defendants request that the plaintiff remove the paragraphs referring to Robert Lowe in her fifth and sixth counts on the ground that these paragraphs are improper in claims of negligent emotional distress because "[t]his cause of action is based entirely on the actions of the defendant in relationship to the plaintiff and not a third person." The defendants further argue that references to Robert Lowe are properly set forth in counts three and four, which allege bystander emotional distress.
The plaintiff duly has filed her objection to the defendants' request to revise. The plaintiff argues that the reference to the late Robert Lowe in counts one and two is based on a "general theory of negligence predicated upon the defendants' actions in connection with starting the fire," and is, therefore proper because the plaintiff is "claiming mental injury." The plaintiff further argues that she is entitled to plead her case as she wishes. The plaintiff also argues that she has not alleged CT Page 214 claims for bystander emotional distress in counts three and four; instead, the plaintiff argues that she has alleged a second negligence cause of action "based upon the "rescue doctrine' in that the plaintiff was emotionally injured in the act of coming to the rescue of Mr. Robert Lowe."[1] The plaintiff does not address defendants' request to revise counts five and six.[2]
The function of a request to revise is set out in Sections 10-35 of the Practice Book. In accordance therewith, a party may make a request "to obtain . . . the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading." Practice Book § 10-35; see also Row v. Godou,209 Conn. 273, 279 n. 8, 550 A.2d 1073 (1988). "The request to revise is a motion for an order directing the opposing party to revise his pleading in the manner specified." Royce v. Westport, 183 Conn. 177, 180,439 A.2d 298 (1981).
A. Request to revise as to counts one and two: negligence.
Counts one and two of the plaintiff's complaint allege that the defendants are liable to the plaintiff for damages she sustained as a result of the defendants' negligence. Counts three and four of the plaintiff's complaint allege bystander emotional distress. In counts one and two, the plaintiff includes paragraphs that introduce facts that are irrelevant to her negligence counts, because the paragraphs sound in a theory of bystander emotional distress.
Accordingly, the plaintiff's objection to the Request to Revise Counts one and two are overruled.
 B. Request to revise as to counts five and six as to negligent infliction of emotional distress.
Inasmuch as the plaintiff has not detailed her objections to the request to revise as required by Conn. Prac. Book. § 10-37, the plaintiff's objections to the requested revisions of counts five and six are overruled.
Clarance J. Jones, Judge.