[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE OBJECTION RE REQUEST FOR LEAVE TO FILE AMENDED COMPLAINT
CT Page 12811
1. Facts
In this case, the plaintiffs, tenants of the defendants, ended their occupancy when a fire destroyed the building in which they resided. The plaintiffs brought suit against the defendants on February 29, 2000, claiming inter alia, that the fire resulted from the defendants' failure to maintain the chimney in the premises. The plaintiffs claim damages for losses that they suffered as a direct consequence of the fire. Those losses include both property loss and claims for emotional distress.
2. Procedural History
On March 27, 2000, the defendants filed a request to revise the plaintiffs' complaint. The plaintiffs then objected to the request to revise. On April 25, 2000, the defendants replied to the plaintiffs' objection to the request to revise. Specifically, the defendants asserted that each count of the plaintiffs' complaint stated that the plaintiffs "suffered distress, upset, anger and frustration." The defendants asserted that their request to revise sought to delete these specifications of damage. The defendants stated "the complaint sounds in property damage and if this is intended to be a claim for bodily injury, it is insufficient. . . . If it is a claim for emotional distress, it should likewise be pled with specificity, pled adequately, and listed in a separate count." As noted, the plaintiffs objected. The objections to the request to revise were overruled on May 19, 2000. (Kocay, J.)
An amended complaint was filed by the plaintiffs on August 7, 2000. The defendants did not plead to the amended complaint, alleging that permission had not been sought from the court to file the amended complaint. The plaintiffs thereupon sought a default against the defendants for their failure to plead. This motion was denied by the court by ruling dated April 30, 2001. (Shortall, J.) The order stated "The amended complaint, having added claims and the defendants having objected thereto, no pleading is required until the objection is decided." Because the objection was never calendared for argument thereafter, the plaintiffs filed a request for leave to file an amended complaint now dated August 7, 2001 and the defendants duly objected to the motion.
The defendants' present objection to the motion argues that the previous motion and objection properly framed the issues and that the plaintiffs have failed to comply with the order of Judge Kocay. Further, defendants argue that the claims for emotional distress in a case such as this are not legally cognizable. Plaintiffs have responded by stating CT Page 12812 such claims are recognized by our Connecticut Courts and that their legal sufficiency should be tested by a motion to strike.
3. Discussion
The court has reviewed the various motions, memoranda and arguments of counsel as well as the past procedural history of this case. The court finds that Judge Kocay's original order overruling the Plaintiffs' objections to the request to revise cannot be read as conclusively prohibiting the filing of an amended complaint setting forth the allegations for negligent infliction of emotional distress in separate counts and deleting them from the property damage counts. The function of a request to revise is set out in Practice Book § 10-35. In accordance that section, a party may make a request:
 "to obtain . . . the deletion of any unnecessary, repetitious, scandalous, impertinent, immaterial or otherwise improper allegations in an adverse party's pleading."; see also Row v. Godou, 209 Conn. 273, 279
n. 8, 550 A.2d 1073 (1988). "The request to revise is a motion for an order directing the opposing party to revise his pleading in the manner specified." Royce v. Westport, 183 Conn. 177, 180, 439 A.2d 298 (1981).
At the time of the filing of the March 27, 2000 Request to Revise, the defendants argued that claims for negligent infliction of emotional distress should be stated separately from the property damage claims. They further asserted that the claims for such distress did not belong in those counts of the complaint alleging property damage. Those were the claims to which the Plaintiffs objected. Further, it is precisely these objections that were overruled and nothing more. (Kocay, J.)
The next event in this procedural tangle would have been for the plaintiffs to immediately file their amended complaint. But because the plaintiffs did not file their amended complaint within fifteen days of the order concerning their objections, as set forth in Practice Book §10-37, the defendants were correct in asserting that a request for leave to file the amended complaint was required in August, 2000, when the plaintiffs filed their first amended complaint.
The plaintiffs have now filed the required pleading and the defendants have objected to it for two reasons. The first reason the court has addressed, namely the claim that Judge Kocay's order does not permit such a pleading. The second reason asserted is that the allegations of the new counts are insufficient as a matter of law and permitting the amended complaint would be futile. In so doing, the defendants assert that the CT Page 12813 plaintiffs were not present when the fire took place. By implication, their argument appears to be that Connecticut does not recognize any claims for emotional distress other than those of bystander emotional distress, although their objection does not so state. Nonetheless, the court cannot treat as true factual assertions in memoranda filed by counsel without more. It is for that reason that the court does not reach the legal issue of whether the claims as stated by the plaintiffs are legally cognizable in Connecticut or not. The court overrules the defendants' objections, without prejudice to the filling of a motion to strike to properly legally test the sufficiency of these pleadings as well as to properly alert the plaintiffs to that challenge. But that challenge awaits another day in properly framed pleadings. The court hopes that such action will prevent additional further procedural tangles, so that this case may be have its pleadings properly legally tested in an orderly sequence, then closed and scheduled for trial.
BY THE COURT
BARBARA M. QUINN Judge