[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By Memorandum of Decision dated March 1, 2001, the court granted the defendant's Motion to Strike the plaintiff's Revised Petition for a New Trial dated January 7, 2000 (#105). Subsequently thereto, on March 16, 2001, the plaintiff filed another Revised Petition for a New Trial (#123.10). The defendant filed a Request to Revise, seeking in essence that the entire Revised Petition be expunged and that judgment enter on his behalf. The plaintiff has filed an Objection to the Request to Revise to which the defendant has responded. The question before the court is whether or not to sustain the objection or to treat the entire petition as expunged and to grant judgement.
 DISCUSSION
Prior to the creation of the Request to Revise, there were five separate motions addressed to the pleadings, including Motion for More CT Page 15941-jf Specific Statement, Motion to Expunge, Motion to Separate, Motion to Correct, and Motion for Oyer. Under the current practice rules, the Request to Revise performs all of the above functions except that of Oyer. Stephenson's Connecticut Civil Procedure, (3rd Ed.) Section 69, pp. 211-214. Normally, the request does not test the substantial rights of the parties, and if the request is granted, a party would have fifteen days within which to file a substitute pleading. However, under certain circumstances, such as where a prior complaint has been stricken and the plaintiff has filed a substituted complaint which is substantially similar to the prior pleading, the use of a Request to Revise is proper. Roycev. Westport, 183 Conn. 177, 180 (1981), citing Good Humor Corp. v.Ricciuti, 160 Conn. 133, 137 (1970); see also, Ziotas v. Reardon LawFirm, 2001 Ct. Sup. 1415 (Jan. 23, 2001, Corradino, J.). Moreover, under those circumstances, on the theory that to allow a party fifteen days to re-plead would be "productive of nothing but delay," the court may enter judgment on the Request to Revise at the same time. Royce, supra, 181.
In the present case, the plaintiff's second Revised Petition for a New Trial[1] dated January 7, 2000, spoke in two counts: fraud and newly discovered evidence. The First Count contained seventeen separate paragraphs and the Second contained eight. The third Revised Petition for a New Trial dated March 16, 2001 (which is the subject of the Request to Revise) also speaks in two counts containing twenty-one and eleven separate paragraphs respectively. The Court has compared the paragraphs in the First Count in both petitions and found a total of thirteen identical paragraphs, together with another virtually identical one but for the addition of the word "furthermore" in the newer version. Three others are so similar that the import is the same. Four paragraphs (7. through 10.) are entirely new. However, these are basically conclusory statements and do not contain material facts to support the underlying claim.
Likewise, the Court compared the paragraphs of the respective Second Counts. Here the Court found seven identical paragraphs in each and four new paragraphs in the later pleading. Similarly, these are also conclusory and do not contain material facts to support the underlying claim.
Accordingly, the Court finds the Revised Petition for a New Trial dated March 16, 2001, to be substantially similar to the earlier Revised Petition dated January 7, 2000, which was stricken this Court on March 1, 2001, and it should therefore be expunged.
 ORDER
CT Page 15941-jg
IT IS HEREBY ORDERED THAT the plaintiff's Objection to Request to Revise (#125) is HEREBY OVERRULED; that the Revised Petition for a New Trial dated March 16, 2001, is HEREBY EXPUNGED; and that JUDGMENT on said Request to Revise may immediately enter in favor of the defendant herein for the reason that the Revised Petition for a New Trial dated March 16, 2001 (#123.10) is substantially similar to the Revised Petition for a New Trial dated January 7, 2000 (#107) which had been previously stricken.
THE COURT
SHAY, J.