[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR INTERLOCUTORY JUDGMENT (#112) 
This memorandum addresses the plaintiffs motion seeking partial summary judgment as to liability only against the defendant Iris W. Lord. The plaintiff is seeking to foreclose a judgment lien on property owned by the defendant. While acknowledging the underlying debt, the defendant challenges the validity of the judgment lien. For the following reasons, the motion is granted.
 I — FACTS AND PROCEDURAL BACKGROUND
In support of its motion, the plaintiff filed the following:
• A certified record of a writ of attachment on the defendant's property for $15,000 filed on the Woodbury land records on November 30, 1987;
• Copy of a transcript of proceedings between Howd, Lavieri Finch and this defendant before the court, Pickett, J., on July 7, 1988, in which the court ordered, by agreement of the parties, that judgment enter against this defendant in the amount of $15,000;
• A copy of a judgment lien in favor of Howd, Lavieri Finch against the defendant in the amount of $15,000;
• Copies of a certificate of name change that Howd, Lavieri Finch became a limited liability partnership known as Howd, Lavieri Finch LLP on January 31, 1997, and an assignment of title and interest in the judgment lien to the LLP; and
• An affidavit October 10, 2002, from Frank H. Finch, Jr., that on July 7, 1988, Howd, Lavieri Finch recovered a judgment against the defendant for $15,000, filed a judgment lien in that amount to secure the judgment, received $3,304.68 from defendant toward that amount, and CT Page 15328-al never received the balance or interest due thereon.
At the hearing on the motion for summary judgment, the plaintiff also introduced into evidence a certified copy of that judgment lien. The pro se defendant appeared at the hearing and filed a memorandum in opposition to summary judgment. She did not, however, either before or at the hearing, file or offer any affidavits or other evidence opposing the motion.[1]
 II — STANDARD OF REVIEW
A court will grant summary judgment if, viewing the evidence in the light most favorably to the non-moving party; Elliot v. Waterbury,245 Conn. 385, 391, 715 A.2d 27 (1998); there is no genuine issue of material fact and the moving party would be entitled to a directed verdict on those facts. Batick v. Seymour, 186 Conn. 632, 647,443 A.2d 471 (1982). A material fact is one that will make difference in the result of the case. Hammer v. Lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. Guptav. New Britain General Hospital, 239 Conn. 574, 582, 687 A.2d 111
(1996).
After the moving party has presented evidence in support of a motion for summary judgment, the opposing party must present evidence that shows the existence of some disputed factual issue. Scinto v. Stamm, 224 Conn. 524,533, 620 A.2d 99, cert. denied, 510 U.S. 861 (1993).
 [A] party opposing summary judgment [, however,] must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment].
(Citations omitted; internal quotation marks omitted.) Water WayPropertiies v. Colt's Manufacturing Co., Inc., 230 Conn. 660, 664-65,646 A.2d 143 (1994).
Section 17-45 of the Practice Book provides that the party opposing summary judgment "prior to the day the case is set down for short CT Page 15328-am calendar shall file opposing affidavits and other . . . documentary evidence. . . ." When a party moves for summary judgment "and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof." Heyman Associates No. 1 v. Insurance Co. of Penn., 231 Conn. 756,795, 653 A.2d 122. "Because the plaintiff moved for summary judgment on this count and there were no contradictory affidavits, the court properly decided the motion by looking only to the sufficiency of the plaintiffs affidavits and other proof." Id.
 III — DISCUSSION
The unconverted evidence submitted by the plaintiff on summary judgment establishes the following facts relevant to deciding the motion before this court:
• On July 7, 1988, in accordance with an oral stipulation between the defendant and a predecessor in interest of the plaintiff, the court (Pickett, J.) entered judgment in the Superior Court for the judicial district of Litchfield in the amount of $15,000 against the defendant in the case of Howd, Lavieri Finch v. Iris W. Lord, docket number CV 87-0047042. (Tr. of Proc. 7/7/88)
• Payments were due under that judgment in two installments, an initial payment of $3,304.68 by September 7, 1988, and the balance of $11,695.32 by December 31, 1988. (Id.)
• Under the judgment, if the defendant had not fully paid the judgment by December 31, 1988, she would owe interest on any unpaid amounts as of January 1, 1999. (Id.)
• The evidence offered on summary judgment shows that the defendant made the first payment but not the second. (Affidavit of Frank Fitch.)
• Earlier in the prior action, the plaintiff had filed on Woodbury land records a writ of attachment on the defendant's property for $15,000. On July 22, 1988, after judgment had entered, the plaintiff filed a judgment lien for that same amount on those same land records. (Certified copies of each document.)
The issue presented on summary judgment is whether these uncontested facts warrant summary judgment as to liability against the defendant. In her memorandum opposing summary judgment, the defendant states that she "does not contest the existence of the underlying debt," but asserts two arguments against summary judgment: CT Page 15328-an
• a claim of laches "for the extraordinary amount of time taken by the plaintiff to foreclose" and
• that the judgment lien is ineffective because "the manner in which the lien was attached to her property" does not comply with the requirements of General Statutes § 52-380a (a).
Def.'s "Memorandum in Opposition to Plaintiffs Motion for Summary Judgment (Interlocutory)," at three.
A. Laches
The doctrine of laches is an equitable principle under which a court will not enforce a legal right under certain circumstances.
 Laches occurs when neglect or omission to assert a right taken in conjunction with lapse of time and other circumstances, causes prejudice to an adverse party so as to operate as a bar to relief in equity. Laches consists of two elements. First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant. The mere lapse of time does not constitute laches. . . .
(Citations omitted; internal quotation marks omitted.) Traggis v. ShawmutBank Connecticut, N.A., 72 Conn. App. 251, 262, 801 A.2d 902 (2002). The doctrine of laches thus requires some sort of prejudice to the party asserting the doctrine, such as "for example, the defendant is led to change his position with respect to the matter in question." Bozzi v.Bozzi, 177 Conn. 232, 239, 413 A.2d 834 (1979). Since the defendant offered no evidence on summary judgment to establish any such prejudice, her claim for laches must fail.
B. Not Complying with the Judgment Lien Statute
The defendant's brief also asserts, as bases for denying summary judgment, three aspects in which she claims that the judgment lien did not comply with the judgment lien statute: that the lien
• did not comply with subsection (a) of the judgment lien statute by failing to state the last known address of either herself or the judgment lienor, CT Page 15328-ao
• neglected to list the volume and page number of the pre-judgment attachment as required by subsection (b), and
• failed to include "installment payment information" as is required of a "consumer judgment" in subsection (c).
The court will address each claim in turn.
Subsection (a) of the judgment lien statute, provides, in relevant part, as follows:
 A judgment lien, securing the unpaid amount of any money judgment, including interest and costs, may be placed on any real property by recording, in the town clerk's office in the town where the real property lies, a judgment lien certificate, signed by the judgment creditor or his attorney or personal representative, containing: (1) A statement of the names and last-known addresses of the judgment creditor and judgment debtor,. . . .
(Emphasis added.) The defendant correctly notes that the judgment lien did not contain a statement of her last-known address. (Contrary to her claim, the lien did list the then creditor's last address.)
Our appellate courts have never addressed the precise question the defendant raises here, whether failure to include a judgment debtor's last-known address renders a judgment lien invalid. In a brief but well-reasoned opinion in First Union National v. TBD International, Superior Court, judicial district of Waterbury, Docket No. CV 97-0140380S (June 2, 1998), however, then Superior Court Judge West did consider and reject just such a claim. The court there noted, citing Mac's Car City,Inc. v. DiLoreto, 238 Conn. 172, 179, 679 A.2d 340 (1996), that our appellate courts have construed the judgment lien statute as "intended to protect the interests of the judgment creditor," except for the "time limitation period for filing a judgment lien [, which] . . . is intended to protect judgment debtors." This court concurs with Judge West's conclusion that there is no good reason that failure to comply with the address provision, meant for a creditor's protection, should invalidate a creditor's judgment lien. Similarly, the second defect claimed by the defendant, the failure of the lien to list the volume and page number of the pre-judgment attachment, does not affect the validity of the judgment lien.[2]
CT Page 15328-ap
The court finds no merit in the defendant's third claim, that the judgment lien does not comply with the requirements for a consumer judgment. The requirements for consumer judgment liens in § 52-380a
(c) are not applicable in the present case. Section 52-350a (3) defines a "consumer judgment" as "a money judgment of less than five thousand dollars against a natural person resulting from any consumer debt or obligation." Pursuant to the first sentence of § 52-350a, that definition applies to § 52-380a. The judgment here was for more than $5,000, and thus did not constitute a consumer judgment.
C. Other Defenses
On September 11, 2002, the defendant filed an answer and seven special defenses. Those special defenses made the following claims:
• The plaintiff never released the writ of attachment, allegedly violating the stipulated judgment (first special defense);
• The plaintiffs filing of the judgment lien on July 22, 2988, violated the stipulated judgment (second special defense);
• An attorney not affiliated with the plaintiff or its predecessor-in-interest once told the defendant that said attorney would "take care of' her debt (third special defense);
• Conduct of a co-defendant here "precipitated" the filing of the instant action fourteen years after the judgment lien was filed, in violation of the stipulated judgment (fourth special defense);
• This defendant has a boundary line dispute with another judgment lien creditor (fifth special defense);
• "Due to the negligence of the plaintiff without releasing the attachment in the amount of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) and recording a judgment lien, the plaintiff is in violation of the Stipulated Judgment . . ." (sixth special defense);
• "Under Conn. Practice Book Section 10-50, the plaintiff has no cause of action regarding the illegality not apparent on the face of the pleadings, accord and satisfaction, and payment and subsequent actions of the plaintiff, re in violation of the Stipulated Judgment. . . ." (seventh special defense).
Three days before the hearing on summary judgment, the defendant requested leave to file an amended answer and special defenses. Those CT Page 15328-aq special defenses were as follows:
• Laches (first special defense);
• Failure to comply with the judgment lien statute (second special defense);
• The defendant has been unable to obtain a legible copy of the stipulated judgment (third special defense); and
• The plaintiff violated the conditions of the stipulated judgment, which was sealed by the court and barred "comments orally or in writing (fourth special defense).
Under our rules of practice governing amendments to pleading, the requested amendment was not yet effective on the date of the hearing.[3]
In view of "the solicitude with which the rights of pro se litigants are to be treated"; Royce v. Westport, 183 Conn. 177, 181, 439 A.2d 298
(1981),[4] this court has also scrutinized the requested amended pleading to ascertain if it raises any claims that might, with the evidence provided on summary judgment, defeat the plaintiffs motion. She offered no new evidence to support any of these claims. Denying summary judgment based on assertions unsupported by evidence showing a material issue of fact in dispute would interfere with and substantially prejudice the rights of the plaintiff.[5] The defendant briefed none of the special defenses except her claims of laches and non-compliance with § 52-380a. Without additional evidence or briefing as to these other claims, the court thus deems them waived and abandoned. See State v.Nieves, 65 Conn. App. 212, 215-16 n. 4, 782 A.2d 203 (2001) (issues not briefed are deemed waived); State v. Siano, 216 Conn. 273, 281 n. 7,579 A.2d 79 (1990) ("Where a party fails to brief an issue, it is deemed abandoned."); Emerick v. Kuhn, 52 Conn. App. 724, 763, 737 A.2d 456
(1999) ("Even pro se litigants . . . must provide this court with citations to rules of law that support their arguments.")
 IV — ORDER
For the foregoing reasons, the motion for partial summary judgment as to liability is hereby GRANTED.
BY THE COURT
 ___________________ STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT
CT Page 15328-ar