DARCY YUILLE *v.* BRIDGEPORT HOSPITAL
(AC 25171)

Lavery, C. J., and DiPentima and Peters, Js.

Argued April 26—officially released June 21, 2005

*William F. Gallagher*, with whom, on the brief, was *Laura M. Mooney*, for the appellant (plaintiff).

*Michael N. LaVelle*, for the appellee (defendant).

PER CURIAM. The Workers' Compensation Act (act), General Statutes § 31-275 et seq., provides an exclusive administrative remedy for an employee who has suffered an injury arising out of or in the course of his or her employment. See General Statutes § 31-284 (a).[1] As a result, once an employer has complied with the requirements set forth in General Statutes § 31-284 (b),[2] an injured employee may not bring a tort action against his or her employer to recover personal injury damages. The dispositive issue in this case is whether such an

---

[1] General Statutes § 31-284 (a) provides in relevant part: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained . . . . All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter, provided nothing in this section shall prohibit any employee from securing, by agreement with his employer, additional compensation from his employer for the injury or from enforcing any agreement for additional compensation."

[2] General Statutes § 31-284 (b) provides in relevant part: "Each employer who does not furnish to the chairman of the Workers' Compensation Commission satisfactory proof of his solvency and financial ability to pay directly to injured employees or other beneficiaries compensation provided by this chapter shall insure his full liability under this chapter, other than his liability for assessments pursuant to sections 31-345 and 31-354 in one of the following ways: (1) By filing with the Insurance Commissioner in form acceptable to him security guaranteeing the performance of the obligations of this chapter by the employer; or (2) by insuring his full liability under this part, exclusive of any liability resulting from the terms of section 31-284b, in any stock or mutual companies or associations that are or may be authorized to take such risks in this state; or (3) by any combination of the methods provided in subdivisions (1) and (2) of this subsection as he may choose, subject to the approval of the Insurance Commissioner. If the employer fails to comply with the requirements of this subsection, an employee may bring an action against such employer for damages on account of personal injury sustained by such employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained . . . ."

employee nonetheless may bring a tort action against his or her employer to recover for infliction of emotional distress attributable to the employer's bad faith administration of the employee's compensation claim. Concluding that the exclusive remedy clause was applicable, the trial court granted the employer's motion to strike the employee's claims.[3] The employee has appealed. We affirm the judgment of the trial court.

In her complaint, the plaintiff, Darcy Yuille, alleged that the defendant, Bridgeport Hospital, intentionally and in breach of good faith, had caused her to suffer emotional distress by unreasonably delaying payment of workers' compensation benefits to which she was entitled.[4] In response, the defendant moved to strike the complaint on a number of grounds including the exclusivity provision of the act. The trial court granted the motion to strike and rendered judgment in favor of the defendant.

The plaintiff's appeal challenges the validity of the trial court's rulings of law. Accordingly, our review is plenary. See, e.g., *Bell Atlantic NYNEX Mobile, Inc.* v. *Commissioner of Revenue Services*, 273 Conn. 240, 249, 869 A.2d 611 (2005).

---

[3] The court also considered the merits of the defendant's contention that the plaintiff's claim for relief was barred on a procedural ground. In light of our disposition of the plaintiff's appeal, we need not decide whether the facts alleged in the plaintiff's amended complaint were sufficiently different from those alleged in her initial complaint to comply with the requirements for repleading stated in *Royce* v. *Westport*, 183 Conn. 177, 179, 439 A.2d 298 (1981).

[4] Specifically, she alleged that the defendant (1) had failed to make timely payments for medical services and temporary disability benefits, (2) had advanced specific benefits in lieu of total disability benefits (3) had interfered with timely compensation payments, (4) had improperly denied compensation for her psychiatric illness, (5) had improperly denied her claim for psychiatric treatment, cost of living adjustments and medical treatment and (6) had failed to file documentation in support of its appeal to the compensation review board.

Our review of the merits of the employee's claim is governed by the recent Supreme Court decision in *DeOliveira* v. *Liberty Mutual Ins. Co.*, 273 Conn. 487, 870 A.2d 1066 (2005). In *DeOliveira*, the issue was "whether Connecticut recognizes a cause of action against an insurer for bad faith processing of a workers' compensation claim." Id., 490. The court observed that General Statutes §§ 31-278, 31-288 (b), 31-300 and 31-303 authorize a workers' compensation commissioner to provide financial remedies to reimburse an employee for costs associated with unwarranted delay in the receipt of workers' compensation payments. Id., 497. The court concluded that, "by providing remedies for such conduct, the legislature evinced its intention to bar a tort action for the same conduct proscribed and penalized under the act." Id., 499.

In our view, this case is indistinguishable from *DeOliveira*. It is true that, in *DeOliveira*, the defendant was the employer's compensation insurance carrier; id., 491; while here the defendant is the employer itself. That is a distinction without a difference. Here, the defendant hospital allegedly is self-insured. The plaintiff has not advanced any reason to suppose that, for workers' compensation purposes, our legislature intended to distinguish between commercial insurers and self-insurers.

Like many legislative enactments, our workers' compensation law represents a compromise between competing goals. "The fact that the remedy provided by the legislature under the act may be considered inadequate does not permit us to overlook the limits set by the legislature. . . . [I]t is an essential part of the workers' compensation bargain that an employee, even one who has suffered . . . an offensive injury, relinquishes his or her potentially large common-law tort damages in exchange for relatively quick and certain compensation." (Citation omitted; internal quotation marks omitted.) Id., 505.

The judgment is affirmed.