18-3170
Edwards v. McMillen Capital, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

August Term, 2019

(Argued: November 4, 2019                    Decided: February 26, 2020)

Docket No. 18-3170

_____

PAUL EDWARDS,

*Plaintiff-Appellant*,

v.

McMILLEN CAPITAL, LLC,

*Defendant-Appellee*.

_____

Before: SACK, HALL, *Circuit Judges*, and RAKOFF, District Judge.*

Plaintiff-Appellant appeals from the judgment of the United States District

Court for the District of Connecticut (Stefan R. Underhill, *Judge*) ruling that his

---

* Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

claims against Defendant-Appellee were barred under the *Rooker-Feldman* doctrine.  Paul Edwards sued McMillen Capital, LLC in Connecticut state court, and as permitted under Connecticut's procedures, filed two amended complaints and two "substitute" complaints.  The state court dismissed the second amended complaint and the first substitute complaint for failure to state a claim or as barred by the applicable statutes of limitations.  It later dismissed the case for failure to prosecute.  Edwards then instituted the present lawsuit in federal district court based on substantially the same facts as pleaded in the state proceedings and asserting the same claims as those in the second substitute complaint that was dismissed for failure to prosecute.  Because we agree that Edwards did not "lose" in state court such that his federal complaint was, in substance, an appeal from an adverse state-court judgment, we conclude that the *Rooker-Feldman* doctrine does not apply.  We therefore **VACATE** the judgment and **REMAND** for further proceedings.

_____

PAUL EDWARDS, pro se, Cromwell, CT, *Plaintiff-Appellant*.

ANDREW S. KNOTT, KNOTT & KNOTT, LLC, Cheshire, CT, *for Defendant-Appellee*.

2

PER CURIAM:

Plaintiff-Appellant Paul Edwards ("Edwards"), proceeding pro se, sued Defendant-Appellee McMillen Capital, LLC ("McMillen"), a private lender, in Connecticut state court asserting several causes of action including fraud, negligence, and violations of the Connecticut Unfair Trade Practices Act ("CUTPA") and the federal Truth in Lending Act ("TILA"). As permitted under Connecticut's procedures, Edwards filed two amended complaints and two "substitute" complaints. The state court dismissed the second amended complaint and the first substitute complaint for failure to state a claim or as barred by the applicable statutes of limitations. Without reaching the merits of the final substitute complaint (the operative complaint), the court dismissed the case for failure to prosecute under Connecticut Practice Book § 14-3. Edwards then commenced the present lawsuit in the United States District Court for the District of Connecticut based on substantially the same factual allegations and asserting the same claims he had brought in state court. The district court granted McMillen's motion to dismiss, reasoning that Edwards's claims were barred under what has become known as the *Rooker-Feldman* doctrine. *See Sung Cho v. City of*

3

*New York*, 910 F.3d 639, 644 (2d Cir. 2018) (discussing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Edwards appeals, arguing that the *Rooker-Feldman* doctrine does not bar his federal complaint because (1) the doctrine requires him to have "lost" in state court and (2) the final version of his state court complaint was dismissed for failure to prosecute rather than decided against him on the merits. In sum, he argues that he did not "lose" within the meaning of this Court's *Rooker-Feldman* jurisprudence. We agree, and we therefore vacate the judgment of the district court and remand for further proceedings.

## BACKGROUND

In June 2015, Edwards sued McMillen in Connecticut Superior Court alleging that he had borrowed money from McMillen to purchase a home that he intended to use as a primary residence, but that McMillen had fraudulently issued him a commercial, rather than residential, loan with unfavorable and allegedly unlawful terms and conditions. In that initial complaint, Edwards asserted five causes of action: fraud, breach of the covenant of good faith and fair dealing, and three violations of Connecticut state statutes. Edwards amended his complaint twice, in October 2015 and January 2016, and ultimately added additional causes

4

of action, including TILA violations, negligence, negligent infliction of emotional distress, and "predatory lending." In November 2016, the state court, in a written decision, granted McMillen's motion to strike Edwards's amended complaint, reasoning that his causes of action either did not exist under Connecticut law or were barred by the applicable statutes of limitations and that the complaint failed to state a claim.

Later that month Edwards filed a "substitute" complaint alleging similar facts and causes of action, and in June 2017 the state court again granted McMillen's motion to strike the substitute complaint, reasoning that the claims were either legally insufficient, previously stricken, or time-barred. Edwards then filed a second substitute complaint asserting substantially the same facts as he had pled previously but limiting his claims to TILA and CUTPA violations and negligent infliction of emotional distress. McMillen filed a "request to revise" that second substitute complaint, requesting that Edwards delete all of the claims he had asserted therein. In response, in September 2017, Edwards objected to the request for revision and filed a third substitute complaint. Shortly thereafter Edwards moved to restore the second substitute complaint and to withdraw the third substitute complaint. The state court, citing Connecticut Practice Book § 14-

5

3, entered a judgment of dismissal for "failure to prosecute said action with reasonable diligence."

Six months later, in February 2018, Edwards initiated the current lawsuit in the United States District Court in Connecticut by filing a complaint against McMillen asserting substantially the same claims he brought in the second substitute complaint. He alleged that McMillen violated TILA and CUTPA, breached the implied covenant of good faith and fair dealing, and is liable for negligence and negligent infliction of emotional distress. McMillen moved to dismiss, this time arguing that the federal complaint was barred by res judicata, collateral estoppel, the *Rooker-Feldman* doctrine, and the applicable statutes of limitations because it alleged the same facts and raised the same causes of action as the prior state court action. Edwards opposed the motion.

In October 2018, the district court (Stefan R. Underhill, *Judge*) held a hearing on the motion to dismiss and granted McMillen's motion from the bench, ruling that the *Rooker-Feldman* doctrine barred Edwards's claims. This timely appeal followed.

**DISCUSSION**

As we have recently explained, the *Rooker-Feldman* doctrine establishes "the clear principle that federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Sung Cho*, 910 F.3d at 644 (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005)). For the doctrine to apply, "four requirements must be met: (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." *Id*. at 645 (citing *Hoblock*, 422 F.3d at 85). We review de novo the application of *Rooker-Feldman* in the dismissal of a case. *Id.* at 644.

There is no dispute that Edwards commenced his federal action after judgment was entered in his state court action. The issue, however, is whether he "lost" in state court such that it can fairly be said that he complains of injuries caused by the state court judgment and that he therefore seeks federal court review of that judgment. The early iterations of Edwards's complaint were dismissed for, among other reasons, failure to state a claim or untimeliness. The Connecticut

7

Supreme Court has ruled that when a plaintiff files an amended pleading after a motion to strike is granted, the amended pleading "operates as a waiver of the original pleading." *Lund v. Milford Hosp., Inc.*, 168 A.3d 479, 482 (Conn. 2017). In other words, "[t]he original pleading drops out of the case and although it remains in the file, it cannot serve as the basis for any future judgment, and previous rulings on the original pleading cannot be made the subject of appeal." *Id.*; *see also Royce v. Town of Westport*, 439 A.2d 298, 300 (Conn. 1981) ("By withdrawing one complaint and replacing it by another, the plaintiff escaped an adverse judgment.") (alterations and quotation omitted). Accordingly, only Edwards's final "substitute" complaint, the operative complaint and the one dismissed for failure to prosecute under Connecticut Practice Book § 14-3, is the one considered in our *Rooker-Feldman* analysis. Under Connecticut practice, the prior complaints have become nullities. *See Royce*, 439 A.2d at 300 ("When a demurrer is sustained and the pleading to which it was directed is amended, that amendment acts to remove the original pleading *and the demurrer thereto* from the case.") (emphasis added).

Connecticut law also provides that dismissals for failure to prosecute do not constitute dispositions rendered on the merits. *See, e.g.*, *Legassey v. Shulansky*, 611

8

A.2d 930, 933 (Conn. App. 1992) ("Judgments based on the following reasons are not rendered on the merits: want of jurisdiction; pre-maturity; failure to prosecute."); *Milgrim v. Deluca*, 487 A.2d 522, 525 (Conn. 1985) ("[F]ailure to prosecute with reasonable diligence [does not] bar a subsequent action on the same claim.").

Here Edwards's operative state court complaint was dismissed for failure to prosecute; it therefore cannot be considered a dismissal on the merits. *See Milgrim*, 487 A.2d at 525. Because, under Connecticut law, his complaint was not dismissed on the merits, Edwards could have refiled his complaint in state court. Instead he decided to pursue his claim in federal court. For these reasons, we hold that the *Rooker-Feldman* doctrine does not preclude him from doing so.

In reaching our determination, we note that other circuits have reached similar conclusions. *See, e.g.*, *Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell*, 363 F.3d 1072, 1076 (10th Cir. 2004) (holding that *Rooker-Feldman* does not bar federal complaint where state court decision "did not pass on the merits of the case"); *Whiteford v. Reed*, 155 F.3d 671, 674 (3d Cir. 1998) (same).

Here, as Mr. Edwards reiterated at oral argument, he is not "invit[ing] district court review and rejection" of a state court judgment. *Hoblock*, 422 F.3d at

He simply chose to bring his claims elsewhere after the state court, by operation of law, did not reach the merits of his arguments in the operative complaint. As a result, in the district court, Edwards did not seek review of the state court's decision to dismiss his claim for failure to prosecute.

There may be other reasons why Edwards's claim could be subject to dismissal,[1] but because the district court's decision was grounded solely in the *Rooker-Feldman* doctrine, the judgment is vacated. We leave to the district court's determination in the first instance the resolution of such other arguments, if any, as may be advanced by the parties.

## CONCLUSION

For the foregoing reasons, we VACATE the October 12, 2018 judgment of the district court dismissing Edwards's claims under the *Rooker-Feldman* doctrine and REMAND the case for further proceedings consistent with this order.

---

[1] McMillen has argued before the district court that Edwards's complaint is also barred by res judicata but has not advanced this argument on appeal. Though the issue is not before us, we doubt that principles of res judicata would bar Edwards's claim. *See Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000) (res judicata applies only if the previous action involved a final adjudication on the merits); *Wheeler v. Beachcroft, LLC*, 129 A.3d 677, 685 (Conn. 2016) (same); *see also Milgrim*, 487 A.2d at 525 ("[W]e have uniformly construed our rules pertaining to dismissals for failure to prosecute with reasonable diligence not to bar a subsequent action on the same claim.").