20-3515-cv
Brady v. Friedlander

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand twenty-one.

PRESENT:  ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
JOHN P. CRONAN,
*District Judge.**

------------------------------------------------------------------

JAMES H. BRADY,

*Plaintiff-Appellant*,

---

\* Judge John P. Cronan, of the United States District Court for the Southern District of New York, sitting by designation.

v.                                              No. 20-3515-cv

MARK S. FRIEDLANDER, ESQ., THE
LAW FIRM OF MARK S. FRIEDLANDER,
KENNETH ANDREW MCLELLAN, ESQ.,
KEITH R.M. ROUSSEL, ESQ., WINGET,
SPADAFORA, SCHWARTZ, LLP,

                        *Defendants-Appellees*.
-------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:              JAMES H. BRADY, *pro se*,
                                      Manasquan, NJ

FOR DEFENDANTS-APPELLEES
Mark S. Friedlander, Esq. and
The Law Firm of Mark S. Friedlander:  WILLIAM L. SCHLEIFER,
                                      Catalano Gallardo &
                                      Petropoulos, LLP, Jericho, NY

FOR DEFENDANTS-APPELLEES
Kenneth Andrew McLellan, Esq.,
Keith R.M. Roussel, Esq., and
Winget, Spadafora, Schwartz, LLP:     JOHN T. MILLS (Joseph Salvo,
                                      *on the brief*), Gordon Rees
                                      Scully Mansukhani, LLP, New
                                      York, NY

     Appeal from a judgment of the United States District Court for the

Southern District of New York (Paul A. Engelmayer, *Judge*; Ona T. Wang,

*Magistrate Judge*).

     UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED.

James H. Brady, proceeding pro se, appeals from the September 8, 2020 judgment of the United States District Court for the Southern District of New York (Engelmayer, J.; Wang, M.J.) dismissing Brady's claims against his former attorney, Mark S. Friedlander, as well as Friedlander's law firm and Friedlander's former defense attorneys. In 2012 Brady commenced suit against Friedlander in New York state court, alleging that Friedlander's legal representation of Brady in a longstanding real estate dispute was deficient. Brady claimed that, among other things, Friedlander extorted Brady into paying exorbitant legal fees and improperly withdrew from the case after Brady paid the fees. Brady's claims were adjudicated and rejected by two state court judges: in 2013 a state court judge granted in part Friedlander's motion to dismiss Brady's complaint, and in 2019 another state court judge granted Friedlander's motion for summary judgment dismissing Brady's remaining claims ("Friedlander I").

Brady did not appeal the state court's 2019 judgment. Instead, he filed this federal lawsuit against the Defendants-Appellees ("Friedlander II"), which, in addition to claims about Friedlander's specific actions and performance as an

attorney during the litigation, accuses Friedlander, Friedlander's former defense attorneys, and one of the state court judges of conspiring to improperly dismiss Brady's case (hereinafter "the conspiracy claims"). The District Court adopted the July 20, 2020 Report and Recommendation of the United States Magistrate Judge (Wang, M.J.) and granted the defendants' motion to dismiss all of Brady's claims. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

**I.      The Performance Claims**

Brady's complaint contains several claims against Friedlander relating to his performance as Brady's attorney: breach of contract, legal malpractice, fraud in the inducement, gross negligence, negligent misrepresentation, and breach of fiduciary duty, as well as a claim that Friedlander's legal fees were unreasonable (hereinafter "the performance claims"). The District Court applied the Rooker-Feldman doctrine and in the alternative also applied New York's doctrine of res judicata to dismiss Brady's performance claims, and we review its decision to do so de novo. See Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 83, 93 (2d

4

Cir. 2005).  The Rooker-Feldman doctrine applies when a plaintiff: (1) loses in state court; (2) complains of injuries caused by a state-court judgment; (3) invites the federal court to review and reject that judgment; and (4) commences federal court proceedings after the state-court judgment was rendered.  See id. at 85. Meanwhile, under New York's doctrine of res judicata, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy."  Simmons v. Trans Express Inc., 37 N.Y.3d 107, 111 (2021) (emphasis omitted); Smith v. Russell Sage Coll., 54 N.Y.2d 185, 192–93 (1981) ("[W]hat factual grouping constitutes a transaction or series of transactions depends on how the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." (quotation marks omitted)).  With these principles in mind, for substantially the reasons given by the District Court, we conclude that the Rooker-Feldman doctrine and New York's doctrine of res judicata bar Brady's performance

5

claims, almost all of which were raised in Friedlander I.[1]

Pointing out correctly that both the Rooker-Feldman and res judicata doctrines require an adjudication on the merits, see Edwards v. McMillen Cap., LLC, 952 F.3d 32, 36 (2d Cir. 2020); Paramount Pictures Corp. v. Allianz Risk Transfer AG, 31 N.Y.3d 64, 73 (2018), Brady urges that neither bar applies because the state court judge failed to issue a decision on the merits in 2019. We are not persuaded. The state court made clear that it was ruling on the merits when it granted Friedlander's motion to dismiss Brady's remaining claims "with prejudice" and asserted that "the case [was] over" after a hearing concerning the merits. App'x 96, 108, 118. That language is enough to signify that the dismissal of the action was on the merits. See Yonkers Contracting Co. v. Port Auth. Trans-Hudson Corp., 93 N.Y.2d 375, 380 (1999) ("A dismissal 'with

---

[1] While Brady's claims of gross negligence and breach of fiduciary duty were not contained in his complaint in Friedlander I, "a federal plaintiff cannot escape the Rooker–Feldman bar simply by relying on a legal theory not raised in state court." Hoblock, 422 F.3d at 87; see also McKithen v. Brown, 481 F.3d 89, 97 n.7 (2d Cir. 2007). These claims are "inextricably intertwined" with the state court judgment, Hoblock, 422 F.3d at 87, and as the District Court noted, they are based on the same conduct as and are "essentially identical" to the claims raised in state court.

prejudice' generally signifies that the court intended to dismiss the action 'on the merits,' that is, to bring the action to a final conclusion against the plaintiff."); Strange v. Montefiore Hosp. & Med. Ctr., 59 N.Y.2d 737, 739 (1983) ("CPLR 5013 does not require that the prior judgment contain the precise words 'on the merits' in order to be given res judicata effect; it suffices that it appears from the judgment that the dismissal was on the merits.").[2]

## II.     The Conspiracy Claims

We review de novo the District Court's dismissal of Brady's conspiracy claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   See Libertarian Party of Erie Cnty. v. Cuomo, 970 F.3d 106, 121 (2d Cir. 2020).   To start, we agree with the District Court that Brady fails to state claims of conspiracy under 42 U.S.C. §§ 1983 and 1985(2) that are "plausible on [their] face."   Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).   The facts pleaded in support of those claims — including that the state court judge set a "final

---

[2] New York's applicable six-year and three-year statutes of limitations, set forth in CPLR § 213 and § 214(6), respectively, present yet another bar to Brady's performance claims, which arise from incidents from 2009 but which were raised in Friedlander II in 2019.

date" for the hearing in advance and that Friedlander is related to a different state court judge, Appellant's Br. at 13, 53 — do not permit us to "draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Second, Brady failed to allege that any of the Defendants-Appellees acted with "invidiously discriminating animus," as required by the second clause of § 1985(2) under which Brady sued. Herrmann v. Moore, 576 F.2d 453, 458 (2d Cir. 1978) (quotation marks omitted). Third, Brady's state law claim of "civil conspiracy" fails because New York does not recognize an independent, "freestanding claim for conspiracy." Carlson v. Am. Int'l Grp., Inc., 30 N.Y.3d 288, 310 (2017); see also Kirch v. Liberty Media Corp., 449 F.3d 388, 401 (2d Cir. 2006). We therefore affirm the District Court's dismissal of Brady's conspiracy claims.

**III. Leave to Amend**

Finally, the District Court denied Brady leave to amend his complaint on the ground that doing so would be futile. Brady has given us no indication that he could allege additional facts that would render his performance or his conspiracy claims plausible if he were given an opportunity to amend. We

8

therefore affirm the District Court's denial of leave to amend.

We have considered Brady's remaining arguments and conclude that they are without merit.[3]    For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] As we recently noted in <u>Brady v. Sheindlin</u>, Brady has initiated a series of unsuccessful lawsuits in this Circuit, all arising from the same original real estate dispute and triggering "a filing injunction barring Brady from filing any new action in the Southern District of New York that relates in any way to the IGS Lease Agreements."    No. 21-669-CV, 2021 WL 5312995, at *2 (2d Cir. Nov. 16, 2021) (quotation marks omitted).    In <u>Sheindlin</u>, we affirmed the dismissal of Brady's complaint on <u>Rooker</u>-<u>Feldman</u> grounds and ordered Brady to show cause why sanctions should not be imposed.

9