22-1267-cv; 22-1911-cv
*White v. Schmidt; White v. Santos*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of March, two thousand twenty-four.

PRESENT:
        ROBERT D. SACK,
        WILLIAM J. NARDINI,
        MYRNA PÉREZ,
                *Circuit Judges.*
_____

Paul White,

                *Plaintiff-Appellant,*

        v.                                                      22-1267

Sandra Schmidt, AKA Sandra Kroger Schmidt, AKA Sandra K. Schmidt,

                *Defendant-Appellee,*

**Pat Doe, (1–10),**

        *Defendants.*

_____

**Paul White,**

        *Plaintiff-Appellant,*

        v.                                22-1911

**Teodocia Santos, Ella Abney, Personally and as Executrix of the Estate of Albert Abney, Pat Doe,**

        *Defendants-Appellees.*[*]

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Paul White, *pro se*, Coxsackie, NY. |
| **FOR DEFENDANTS-APPELLEES:** | No appearance. |

Appeals from judgments of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *District Judge*).

---

[*] The Clerk of Court is directed to consolidate these appeals for purposes of decision.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgments of the district court are **AFFIRMED IN PART** and **VACATED IN PART** and **REMANDED**.

* * *

Plaintiff-Appellant Paul White, *pro se* and incarcerated, appeals from the April 26, 2022, and August 1, 2022, *sua sponte* dismissals of two federal lawsuits (Mae A. D'Agostino, *District Judge*), each pursuant to the *Rooker-Feldman* doctrine. White's appeals have been considered in tandem and consolidated for disposition. In 2015, White was convicted in New York state court of grand larceny and fraud, stemming from a scheme to defraud investors in a North Carolina real estate development. *See Spota v. White*, No. 29681-12, 2016 WL 6427362, at *2, 4 (N.Y. Sup. Ct. Suffolk Cnty. Oct. 28, 2016) (explaining the background of the criminal case in a decision on a civil forfeiture proceeding). The Supreme Court, Suffolk County, awarded $2.975 million in restitution to his victims, who included Sandra Schmidt, Teodocia Santos, and Ella and Albert Abney (the "Abneys"). *Id.* at *2. White's appeal of the criminal judgment is, as of the time of writing, still pending.

3

In 2014, the Suffolk County District Attorney's Office brought a civil forfeiture action against White and obtained a $2.4 million judgment. *Id.* at *4, 9. After the judgment was entered, White retained an attorney who obtained a decision in a North Carolina court, which he claims held that the investors had received their bargained-for-benefit, consisting of the validly deeded ownership of the property.

In 2017, White sued Schmidt and the Abneys in the Eastern District of New York, claiming that they had provided false statements to the Suffolk County District Attorney's Office and had testified falsely at grand jury proceedings and at his criminal trial, which resulted in their unjust enrichment by virtue of the restitution judgment that had been entered in their favor. In two different orders, the Eastern District dismissed the action, reasoning that the defendants were entitled to witness immunity, and in the alternative, the court lacked subject matter jurisdiction to entertain the unjust enrichment claim under *Rooker-Feldman*. *See generally White v. Abney*, No. 17-cv-4286, 2020 WL 5848647 (E.D.N.Y. Sept. 30, 2020); *White v. Abney*, No. 17-cv-4286, 2021 WL 1176218 (E.D.N.Y. Mar. 29, 2021).

4

In 2021, White filed the actions underlying these appeals. He sued Schmidt in the Northern District of New York, claiming that the restitution judgment had been satisfied by the North Carolina decision and that she had been unjustly enriched by a sum that he had separately paid to her. In a separate action, he sued Santos and the Abneys, raising substantially identical claims.

In 2022, the district court *sua sponte* dismissed each action as barred under the *Rooker-Feldman* doctrine and, alternatively, by collateral estoppel or *res judicata*, based on the preclusive effect of the Eastern District's earlier *Rooker-Feldman* procedural holding. *See generally White v. Schmidt*, No. 21-cv-854, 2022 WL 1222805 (N.D.N.Y. Apr. 26, 2022); *White v. Santos*, No. 21-cv-417, 2022 WL 3025723 (N.D.N.Y. Aug. 1, 2022). White timely appealed. We assume the parties' familiarity with the case.

We review *de novo* a *sua sponte* dismissal of a complaint, including a dismissal based on collateral estoppel, *res judicata*, or lack of subject matter jurisdiction under *Rooker-Feldman*. *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (*sua sponte* dismissal); *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 126 F.3d 365, 368 (2d Cir. 1997) (collateral estoppel and *res judicata*); *Edwards v. McMillen*

5

*Cap., LLC*, 952 F.3d 32, 35 (2d Cir. 2020) (*Rooker-Feldman*). When reviewing a *sua sponte* dismissal, we "accept all of the facts alleged in the complaint as true and draw all inferences in the plaintiff's favor." *Harnage v. Lightner*, 916 F.3d 138, 140–41 (2d Cir. 2019).[1]

Recognizing the "special solicitude" this Court must afford *pro se* litigants, *see Rosa v. Doe*, 86 F.4th 1001, 1007 (2d Cir. 2023), we nevertheless conclude that White's claims against Schmidt and the Abneys are barred by *res judicata*, or claim preclusion. "[C]laim preclusion . . . operates in two ways: (1) it bars claims that were brought and decided in a prior litigation; and (2) it bars all other claims relating to the same transaction against the same defendant that could have been brought at that time." *N. Assurance Co. of Am. v. Square D Co.*, 201 F.3d 84, 87 (2d Cir. 2000). *White v. Abney* involved claims by White against Schmidt and the Abneys, so claim preclusion bars him from now raising any claims "relating to the same transaction . . . that could have been brought" at the time he filed suit in *White v. Abney*. *Id.* White alleges that the following had occurred before he filed his

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alteration marks, footnotes, and citations.

6

complaint in *White v. Abney*: (1) the Suffolk County Court entered restitution judgments in favor of Santos, the Abneys, and Schmidt against White, (2) White obtained a decision from the North Carolina Superior Court determining that the defendants in these cases held valid deeds for the properties at issue, and (3) White paid approximately $31,000 each to Schmidt and the Abneys in partial satisfaction of the restitution judgments.

In the present cases, White seeks a declaratory judgment that the Suffolk County Court restitution judgments against him were satisfied by the North Carolina decision, and a return of the money he has paid to the defendants based on a theory of unjust enrichment distinct from the theory of unjust enrichment White relied on in *White v. Abney*. However, because White allegedly paid the defendants a partial restitution before the North Carolina decision was issued, and the North Carolina decision was issued before White initiated *White v. Abney*, White could have included his current claims for declaratory relief and unjust enrichment against Schmidt and the Abneys in *White v. Abney*. Accordingly, White's claims against Schmidt and the Abneys are barred by *res judicata*.

Santos, however, was not included as a defendant in *White v. Abney*, so claim preclusion cannot apply to White's current claims against Santos. *See N. Assurance*, 201 F.3d at 87. We therefore consider whether White's claims against Santos are barred under the *Rooker-Feldman* doctrine or collateral estoppel, as the district court found. We determine that they are not. Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005). For a federal court to abstain under *Rooker-Feldman*,

> (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced.

*Plymouth Venture Partners, II, L.P. v. GTR Source, LLC*, 988 F.3d 634, 641 (2d Cir. 2021). Here, the relevant state-court judgment is the criminal restitution judgment, which White alleges has been satisfied, not the civil forfeiture judgment. The civil forfeiture court did not address White's challenge to the restitution order, explaining instead that White's challenge was an improper collateral attack on the

8

criminal conviction, which had to be raised instead on direct criminal appeal. *See Spota*, 2016 WL 6427362, at \*4. Thus, if White is complaining of an injury from a state-court judgment, the relevant judgment is the criminal restitution judgment.

The application of *Rooker-Feldman* here was improper because the criminal restitution judgment was not final at the time the federal lawsuit commenced. In *Hunter v. McMahon*, 75 F.4th 62, 65, 67, 70–71 (2d Cir. 2023), this Court concluded that the *Rooker-Feldman* doctrine could not apply when an appeal remains pending in state court at the time a complaint is filed, because *Rooker-Feldman* applies only after state-court proceedings have "ended." Because White's criminal appeal remains pending, the relevant state court proceeding had not concluded before White filed his complaint. Accordingly, the district court erred by dismissing the complaint based on *Rooker-Feldman*.

Although the district court alternatively dismissed the complaint on the basis of collateral estoppel, we do not affirm on this ground. In *White v. Abney*, the Eastern District dismissed White's complaint against Schmidt under the *Rooker-Feldman* doctrine. *Abney*, 2020 WL 5848647, at \*7. While collateral estoppel can bar reconsideration even of erroneous prior rulings, our decision in

9

*Hunter* amounted to a significant clarification of our law on this fairly significant issue of *Rooker-Feldman*'s proper scope. *See Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 37 (2d Cir. 2005) ("[E]ven where the specified elements of collateral estoppel are present, reexamination of a legal issue is appropriate where there has been a change in the legal landscape after the decision claimed to have preclusive effect."). Accordingly, we do not affirm the judgment based on the preclusive effect that the *Rooker-Feldman* holding in *White v. Abney* might have.

\* \* \*

In sum, the district court erred by relying on the *Rooker-Feldman* doctrine to *sua sponte* dismiss White's complaints. We decline to affirm on the alternative grounds of collateral estoppel. However, the district court's judgments with respect to Schmidt and the Abneys can be affirmed on the alternative ground of *res judicata*. We express no view on the merits (or lack thereof) of the underlying suit against Santos, which is better addressed by the district court in the first

10

instance.[2] Therefore, the judgments of the district court are **AFFIRMED IN PART** and **VACATED IN PART** and **REMANDED** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] We acknowledge that the district court may decide that a stay is warranted pending the outcome of the criminal restitution judgment appeal. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005) ("Comity or abstention doctrines may, in various circumstances, permit or require the federal court to stay . . . the federal action in favor of the state-court litigation.").